## Henry M. Youmans v. William A. Heartt.

*Practice: Mistakes of jury: Computation: Motion for new trial.* A court of review cannot correct mistakes made in computation by a jury; such matters should be presented to the trial court on a motion for a new trial.

*Interest: Proceeds of sales: Duty to pay over.* Under an arrangement whereby parties who had contracted to saw certain logs were to sell the lumber and receive the proceeds thereof, they having no right to use the proceeds beyond paying themselves their saw-bill and any other legitimate charges growing out of the business, it was their duty to pay over to the owner the proceeds of any sale within a reasonable time after they received the same, and failing in this they were properly chargeable with interest upon any balance found unaccounted for.

*Application of payments: Statement of account: Disclaimer.* H, having claims against two firms, of each of which B was a member, took B's notes in part payment, endorsed by a third firm of which B was also a member, and B having afterwards died, H presented his claim against the estate of B, crediting the amount of these notes as payment so as to balance one of the accounts, but at the same time submitting a written statement that in presenting his claim as he did he did not waive any rights against the survivors of either of the firms:—

*Held,* That considering the manner of submitting this claim against the estate in connection with such disclaimer, it is evident that H had no intention of making, and did not thereby make, any application of the payment made by the notes.

*Application of payments.* Where the parties do not make a specific application of moneys paid, the law will apply it usually as the justice and equity of the case may require.

*Pro rata distribution of payments.* The trial court having made such a distribution of the payment by notes upon the indebtedness of the two firms respectively as resulted in a *pro rata* application upon each, it cannot be said that any error was thereby committed to the prejudice of the survivors of either of said firms.

*Heard June 15.    Decided October 4.*

Error to Saginaw Circuit.

*John J. Wheeler,* for plaintiff in error, on the subject of interest, cited: *1 Am. L. C. (519), 632, et seq.; Van Beuren v. Van Gaasbeck, 4 Cow., 496; Reid v. Renns. Glass factory, 3 Cow., 393; S. C., 5 Cow., 587; Smith v. Velie, 60 N. Y., 106; Wood v. Belden, 59 Barb., 549; Beardslee v. Horton, 3 Mich., 560; Davis v. Horton, 18 Mich., 25;* and on the subject of application of payments: *1 Am. L. C. (277–8, 280), 342, notes 1, 2, 3, 344, note 7, et seq.; Mayor v. Patten, 4 Cranch, 317; Otto v. Klauber, 23 Wis., 474.*

*D. W. C. Gage,* for defendant in error, cited on the subject of interest: *Reid v. Renns., etc., 3 Cow., 393, 426; Esterly v. Cole, 3 N. Y., 502; Emerson v. Atwater, 12 Mich., 314; Van Rensselaer v. Jewett, 5 Denio, 135;* and as to application of payments: *Allen Culver, 3 Denio, 278; Seymour v. Van Slyck, 8 Wend., 403; Stone v. Seymour, 15 Wend., 19; Pattison v. Hull, 9 Cow., 747; Simpson v. Ingraham, 2 B. & C., 65.*

MARSTON, J:

Heartt brought an action of assumpsit against Youmans as surviving partner of Bundy & Youmans. Bundy in his lifetime was a member of three firms: Bundy & Martindale, carrying on a shingle mill; J. F. Bundy & Co., carrying on the lumber business, except sawing; and Bundy & Youmans, owning and operating a saw mill and salt works. Heartt had business with Bundy & Martindale, and also with Bundy & Youmans, but had no business with J. F. Bundy & Co. The business of Heartt with the two firms was in 1872. Bundy & Martindale kept a separate set of books; but all the business of the other firms was kept on Bundy's books, and all the bank business of all the firms was kept in Bundy's name.

The business with Bundy & Youmans consisted first in a written contract for sawing about three million feet of logs.

Bundy & Youmans were to receive the logs, manufacture them and pile the lumber on their dock convenient for shipment, and were to receive therefor four dollars per thousand for the first one million feet, and for the balance the same price they would have to pay for getting a like amount of their own logs manufactured. Heartt was to pay for the sawing as often as three hundred thousand feet was cut and piled on the dock as per estimate of both parties. There was also a verbal agreement made under which Bundy & Youmans were to sell the lumber and render the proceeds to Heartt. Under these agreements they sawed, sold and shipped over two and one-half million feet, collected and credited Heartt with the proceeds thereof as received, and charged him with the amounts paid to him or for his benefit, together with the expense of collecting the drafts received for the lumber sold, one-half the inspection bills, and at the end of the season with the entire saw-bill at four dollars per thousand. These accounts were all kept upon Bundy's books and in the name of J. F. Bundy & Co. An account was made out by Bundy's clerk January 1, 1873, and sent to Heartt, which showed a balance then due Heartt of over eleven thousand dollars. Heartt afterwards, in writing Bundy, on referring to this account, intimates that there was an agreement by which he was to receive interest on balances due him. Another statement of account was made out by Bundy's clerk in January, 1874, in which Heartt was allowed interest at ten per cent. It was not shown that Bundy had authorized interest to be so computed, but rather that it was computed according to the custom in Bundy's office. Payments were made to Heartt during 1873, but leaving a balance due him January 1, 1874, of two hundred and twenty-four dollars and thirteen cents, exclusive of interest. At the same date there was due Heartt from Bundy & Martindale, excluding interest, two thousand five hundred and thirty-six dollars and eighty-seven cents. April 3, 1874, Bundy and Heartt met, and Bundy gave his two notes, endorsed by J. F. Bundy &

Co., to Heartt. No application of the amount of these notes was made upon either account by either party during Bundy's lifetime. Bundy died April 15, 1874, and these notes were paid after his death.

In November, 1874, Heartt presented his claims against both firms to the commissioners on claims in the estate of Bundy, in which he claimed ten per cent. interest, and applied enough of Bundy's two notes to balance the Bundy & Youmans account. Accompanying the accounts thus submitted was a written statement that in so presenting his claim he did not waive his rights to enforce and collect the same from the firm of J. F. Bundy & Co. or the survivors thereof, or against the firm of Bundy & Martindale or the survivors thereof. It appears that at this time Heartt supposed that the firm of J. F. Bundy & Co. and Bundy & Youmans were one and the same. These claims being disallowed, he brought suits thereon. The Bundy & Martindale suit was tried first, and in this the court applied on that claim one thousand six hundred and eighty-eight dollars and sixty-seven cents of the two notes. This case was next tried and the court applied the balance of the two notes, being one thousand three hundred and fifty-three dollars and forty-two cents, and charged the jury that Heartt had made no application of the notes, and also that he was entitled to interest at seven per cent. on equated averages prior to January 1, 1874. To the charge allowing interest, and the application of the notes as made by the court, plaintiffs in error complain.

Plaintiff in error's counsel makes a computation of the accounts to show that the jury must have made a mistake in the interest allowed by them, and this contrary to the charge of the court. Even if this were so, this is not the proper place to correct that error. This matter should have been presented to the court below on a motion for a new trial. We cannot correct mistakes thus made by a jury.

I. As to the interest. Under the written contract, Heartt was to pay for the sawing as often as three hundred thou-

sand feet was cut and piled on the dock.    Under the verbal contract authorizing Bundy & Youmans to sell the lumber and receive the proceeds thereof, they had no right whatever to use the proceeds any further than in payment of their saw-bill in accordance with the written contract, and any other legitimate charges growing out of the relations existing between them.  It was their duty, upon making a sale of lumber and receiving the proceeds thereof, to pay over to Heartt, at least within a reasonable time thereafter, the amount received, less any proper charges they might then have had against him; and failing in this respect, they were properly chargeable with interest upon any balance found unaccounted for.    We also think, taking all the facts into consideration, that such was the intention of the parties, and that the defendant had no cause to complain of the charge of the court allowing interest.

II.  As to the application of the amount of the notes as made by the court.    It is conceded that no application was made by either of the parties, unless the accounts submitted against Bundy's estate by Heartt could be considered an application.  In the accounts thus submitted, Heartt disclaimed expressly the waiver of any rights he might have against either of the firms or the survivors thereof.    We must consider the entire submission as a whole; and in so doing, we see that Heartt, in submitting his accounts under such a disclaimer, had no intention of making, and did not thereby make, any application.

It is said that the judge, in the suit against Martindale, must have assumed that there was a *certain* amount due on the Bundy & Martindale account, and a *certain* amount due on the Bundy & Youmans account, neither of which facts he could then have known, and that upon such assumption he divided the amount *pro rata*.    Where the parties do not make a specific appropriation of the moneys paid, the law will appropriate it usually as the justice and equity of the case may require.    These notes were Bundy's, endorsed by J. F. Bundy & Co., with which firm Heartt had no deal-

ings. We cannot assume that these notes were paid by the endorsers, or even if they were, that it was inequitable to apply the amount thereof upon the two accounts, both of which Bundy was equally liable to Heartt upon; and no special circumstances were shown to take this case out of the general rule. Now, whatever assumption the court may have made on the trial of the suit against Bundy & Martindale in order to then make the application which he did, it was substantially correct, as the cases now turn out. Making a *pro rata* application, it appears that the defendant in this case received his full proportion of the entire amount of the notes. This being so, he has no right to complain. If any error was committed he was not injured thereby.

The judgment must be affirmed, with costs.

The other Justices concurred.