CANFIELD *v.* CITY OF JACKSON.

1. PERSONAL INJURIES—PLEADING—DAMAGES—EVIDENCE.

Evidence that the plaintiff in an action for personal injuries sustained a withering of the flesh about the thigh and hip, induced by partial paralysis, is admissible under a declaration alleging that plaintiff's spine was severely and permanently injured, and that she was otherwise severely hurt, bruised, and wounded, and became and was sick, lame, and disabled.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—EVIDENCE—NOTICE.

In an action against a city for injuries due to a defective sidewalk, evidence as to the condition of the walk in the vicinity of the place where the accident occurred is admissible upon the question of notice. *Will* v. *Village of Mendon,* 108 Mich. 251, *Moore* v. *City of Kalamazoo,* 109 Mich. 176, followed.

3. SAME—DEFENSES—WAIVER.

An objection that the plaintiff in an action against a city for injuries due to a defective sidewalk failed to comply with a provision of the charter requiring all claims to be presented to the common council for allowance is not available as a defense when raised for the first time by motion for a new trial.

4. TRIAL—INSTRUCTIONS.

A refusal to give a requested instruction is not reversible error if the law in relation to the subject-matter of the request is correctly stated in the general charge.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

The law requires of parties care, diligence, and vigilance in securing and presenting evidence at the trial; and a motion for a new trial on the ground of newly-discovered evidence will be overruled unless it is shown that the evidence in question has in fact been newly discovered, that the failure to produce it at the trial was not due to a lack of reasonable diligence, that it is not cumulative merely, and that it is of a character calculated to render a different result probable on a retrial of the cause.

Error to Jackson; Peck, J.   Submitted January 13,
1897.   Decided March 17, 1897.

Case by Helen F. Canfield against the city of Jackson
for personal injuries.   From a judgment for plaintiff, de-
fendant brings error.   Affirmed.,

*J. A. Parkinson,* for appellant.

*Blair, Wilson & Blair,* for appellee.

MOORE, J.   The plaintiff recovered a judgment for
injuries received because of a fall upon a defective side-
walk.   The defendant appeals, and assigns as error the
admission of testimony bearing upon the question of the
extent of the injuries received by the plaintiff.   It was
alleged in the declaration that the plaintiff " stepped into
one of said holes, and was thereby thrown and fell to and
upon the said sidewalk and the ground there, and thereby
the spine of said plaintiff was severely and permanently
injured, and she was otherwise severely hurt, bruised, and
wounded, and she became and was sick, sore, lame, and
disabled, and so remained," etc.   We think the declara-
tion was sufficiently broad to warrant the introduction of
all the testimony which was received.

The plaintiff was allowed to show the condition of the
walk at and in the vicinity of the place where the accident
occurred at the time of and prior to the accident.   It is
claimed this was error.   The decisions of this court justi-
fied the admission of the testimony.   *Will* v. *Village of
Mendon,* 108 Mich. 251; *Moore* v. *City of Kalamazoo,*
109 Mich. 176.

The refusal of the trial judge to give some of the de-
fendant's requests to charge is assigned as error.   In his
general charge the court gave correctly the principles of
law in relation to which he was requested to charge, and
we have repeatedly held that it is not error to decline to
give a particular request, if the general charge correctly

states the law in relation to the subject-matter of the request.

This suit was commenced August 1, 1894. It was tried in November, 1895. The charter of Jackson contained a provision reading:

"The council shall audit and allow all legitimate claims against the city; and, when required by the common council, every account shall be accompanied with an affidavit of · the person rendering it, to the effect that he verily believes that the services or property therein charged have been actually performed or delivered for the city; that the sums charged therefor are reasonable and just; and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. And every account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city, that it has never been presented to the council for allowance; or that the claim was presented without the affidavit aforesaid, and rejected for that reason; or that the action or proceeding was brought before the council had a reasonable time to investigate and pass upon it."

Neither by the pleadings nor at the trial was any attempt made to defend against plaintiff's claim for the reason that it had not been presented to the common council. In December after the trial the circuit judge was asked to grant a new trial because the plaintiff had not presented her claim to the common council before suing it. We do not think it necessary for us to decide whether the charter provision is to be construed as controlled by the case of *Lay* v. *City of Adrian*, 75 Mich. 442, or by *Springer* v. *City of Detroit*, 102 Mich. 303. The defense sought to be interposed was a legal defense. The city and its counsel must be presumed to know the law. No one knew better than they whether the claim of plaintiff had been presented to the common council or not. Whatever the facts were, they knew them at the

time of the trial. The attention of the court was not called to this defense during the trial of the case. It is too late now to seek to interpose it.

A second motion for a new trial was made on the ground of newly-discovered evidence. The motion was overruled. We think properly so. "A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence." Elliott, App. Proc. § 857. To entitle one to a new trial upon this ground it should be shown: *First*, that the evidence, and not merely its materiality, be newly discovered; *second*, that the evidence be not cumulative merely; *third*, that it be such as to render a different result probable on a retrial of the cause; *fourth*, that the party could not with reasonable diligence have discovered and produced it at the trial. Hayne, New Trial & App. §§ 88–92, and many cases there cited; *Gray* v. *Barton*, 62 Mich. 186. Defendant failed to make such a showing as to entitle it to a new trial.

Judgment is affirmed.

The other Justices concurred.