116    511
141    ¹503

## CHILDS *v.* NORDELLA.

1. TRIAL—FINDINGS OF FACT—APPEAL.
    Special findings of fact in a case tried before the court without a jury have the force of a verdict, and will not be disturbed if there is any testimony to support them.

2. SAME—EXCEPTIONS.
    Rulings to which no exceptions were taken will not be reviewed on appeal

3. Same—Garnishment—Evidence.
   Where, in garnishment proceedings, the only material issue
   was whether the principal defendants were indebted to one
   to whom before garnishment they had assigned their claim
   against the garnishee, it was not error to exclude testimony
   bearing upon their insolvency.

Error to Kent; Grove, J.   Submitted February 4, 1898.
Decided March 29, 1898.

Garnishment proceedings by William H. H. and
Eversley Childs against Joseph G. Nordella and Rollin
H. Owen, as garnishees of John T. and Theodore W.
Elliott.   Caroline S. Elliott claimed the fund as assignee,
and had judgment.   Plaintiffs bring error.   Affirmed.

*H. B. Fallass* and *G. A. Wolf*, for appellants.

*Taggart, Knappen & Denison*, for appellee Caroline S.
Elliott.

Moore, J.   The plaintiffs sued John T. Elliott & Son,
the principal defendants, and garnished Nordella &
Owen, who disclosed that they were indebted to the prin-
cipal defendants, but had been notified that the amount of
their indebtedness had been assigned to Caroline S. Elliott.
The case was tried in justice's court, and from there ap-
pealed to the circuit court, where it was tried by the judge
without a jury.   The judge made a written finding of
facts, and found, among other things, that on September
19, 1896, the plaintiffs sued the principal defendants, and
had a writ of garnishment issue to the garnishee defend-
ants; that the principal defendants had, the day before,
assigned, in writing, their claim against the garnishee de-
fendants, to Caroline S. Elliott, and delivered the assign-
ment to her.

The only question involved is, Was that assignment
made for an existing indebtedness to Mrs. Elliott?   It
was the claim of Mrs. Elliott that the principal debtors
had collected rents belonging to her for a series of years,

agreeing to apply them in paying taxes on her property,
and interest upon mortgages that were upon her two
houses, and the surplus to be applied in reducing the
principal of the mortgages. It was also her claim that,
when Elliott & Son made their contract with the gar-
nishee defendants, it was agreed that the proceeds of that
contract should be used to pay the interest on her mortga-
ges, which would come due in September. The amount
the garnishee defendants owed to Elliott & Son when
they were garnished was $204. The circuit judge found
that Elliott & Son had collected rent belonging to Mrs.
Elliott, under the agreement stated, and that they owed
her to exceed $250 at the time this assignment was made.
It has been repeatedly held by this court that the special
findings of fact in a case tried before a judge stand the
same as a verdict of a jury would stand if the case were
tried before a jury, and that, if there was testimony tend-
ing to sustain the findings of fact, this court would not
set them aside. In this case, both Mr. and Mrs. Elliott
swore to the indebtedness. They were cross-examined at
great length, and counsel insist that, when their testimony
is taken as a whole, it is shown no indebtedness exists,
and therefore the findings must fail. It was the judg-
ment of the judge that a different conclusion should be
reached from the testimony from that drawn by counsel.
There was testimony tending to sustain the conclusion
reached by the trial judge, and we cannot disturb his
findings of fact.

It is said error was committed in the exclusion of testi-
mony. In most instances counsel yielded to the rulings
of the court without taking any exception. In those cases
we cannot consider the assignments of error.

It is said the court did not allow, on cross-examination,
counsel to pursue the question of the insolvency of the
principal debtors, and that this was error. We do not see
how it could affect the result in this case if the inquiry
had been pursued. There is no dispute but the assign-
ment in this case was made and delivered the day before

116 Mich.—33.

the suit was instituted. The only question involved was whether Elliott & Son were in fact indebted to Mrs. Elliott. If it had been shown that Elliott & Son were insolvent, it would not throw any light whatever upon the question as to whether they owed Mrs. Elliott.

Judgment is affirmed.

The other Justices concurred.