## LISIAK v. LUPIENSKI.

1. EQUITY—REHEARING—DISCRETION OF COURT.
    Motions for rehearing unless for an erroneous conclusion on the original hearing are addressed to the sound discretion of the trial judge.

2. SAME—REHEARING GRANTED IN INTEREST OF JUSTICE.
    Motions for rehearing may and should be granted in the interest of justice.

3. SAME—GRANTING REHEARING ON GROUND OF NEWLY-DISCOVERED EVIDENCE NOT FAVORED.
    Granting of rehearing on the grounds of newly-discovered evidence is not looked upon with favor by the courts.

4. SAME—REHEARING NOT GRANTED BECAUSE OF ADVENT OF NEW COUNSEL.
    Rehearing should not be granted solely because of the advent of new counsel with new theories of attack or defense.

5. SAME—DENIAL OF REHEARING NOT ABUSE OF DISCRETION.
    Where, on defendants' motion for rehearing on the ground of newly-discovered evidence, it appears that, to entitle them to relief under 3 Comp. Laws 1915, § 11573, as claimed by their counsel, there must be some modification of their testimony given on the original hearing, it cannot be said that the trial court abused its discretion in denying the motion.

Appeal from Wayne; Gilbert (Parm C.), J., presiding.     Submitted October 25, 1927.     (Docket No. 116.)     Decided December 1, 1927.

Bill by Stella Lisiak against Felix Lupienski and another to determine and admeasure dower rights in land.     From a decree for plaintiff, defendants appeal. Affirmed.

¹Equity, 21 C. J. § 880; 10 R. C. L. 568; 3 R. C. L, Supp. 1020; 6 R. C. L. Supp. 612; ²Id., 21 C. J. §§ 871, 880; ³Id., 21 C. J. §§ 871, 881 (Anno); ⁴Id., 21 C. J. § 880 (Anno); ⁵Id., 21 C. J. §§ 871, 881.

*Anthony Nelson*, for plaintiff.

*Anderson, Wilcox, Lacy & Lawson* (*Ward H. Peck*, of counsel), for defendants.

FELLOWS, J.    This bill was filed to determine and admeasure the dower rights of plaintiff in lands owned by defendants.    Upon the hearing it developed, and practically without dispute, that plaintiff's husband lived and did business under different names; that under the name of Walter Derwichowski he held title in fee to the premises in question, and, representing himself to be a single man, alone conveyed the property to defendants.    Such conveyance was executed under these circumstances: Plaintiff's husband had traded farm lands to defendants for their city property; they became dissatisfied, and, claiming that they had been defrauded, instituted an action in which a *capias* had issued and been served; a settlement was agreed upon by which each was to restore to the other the property received in the exchange; plaintiff's husband was unable to carry out his agreement because he was unable to repurchase the city property from those to whom he had sold it, and the agreement was modified by substituting the property in question in its place as the best thing that could be done.    It also appeared that plaintiff had instituted divorce proceedings, in which she claimed an interest in the property and had filed notice *lis pendens* before defendants received their deed.

After the case had been heard and the trial judge had announced his decision, but before the signing of the decree, defendants employed their present counsel and a motion for rehearing was made accompanied by a sworn amended answer.    Defendants' present counsel conceded in the court below, and do here, that upon the record as made and the theory upon which the case was tried, the trial judge correctly decided the

case, so it will be unnecessary to consider the correctness of his decision on the case as originally made. But it is insisted that upon testimony which can be produced and the theory which they now advance, defendants should prevail. It will, therefore, be necessary for us only to determine whether there should have been a rehearing. If not, there must be an affirmance.

Motions for rehearing unless for an erroneous conclusion on the original hearing are addressed to the sound discretion of the trial judge. In the interest of justice they may and should be granted (*J. L. Hudson Co.* v. *No-Name Hat Co.,* 174 Mich. 109), but the granting of them on the grounds of newly-discovered evidence is not looked upon with favor by the courts. *Canfield* v. *City of Jackson,* 112 Mich. 120; *Hydrex Silent Exhaust Works* v. *Seager Engine Works,* 189 Mich. 431; *Garaszewski* v. *Wurm,* 204 Mich. 227; *Romanuick* v. *State Bank,* 235 Mich. 217. Nor should they be granted solely because of the advent of new counsel with new theories of attack or defense. If so, litigation would be interminable or at least continue as long as the supply of lawyers holds out. There must be an end at some time to litigation in the interest of litigants as a whole.

Defendants' present counsel insist that the evidence which can be produced on a rehearing and which is outlined in affidavits, some of them by disinterested parties, would entitle defendants to relief under section 11573, 3 Comp. Laws 1915. It is quite doubtful if the showing made would sustain such claim; but it is quite patent that to entitle defendants to relief under that section there must be at least some modification of their testimony given on the original hearing. It is quite doubtful if the affidavits establish a trust relation even if we overlook the statute of uses and trusts, and it is quite clear that defendants' testimony given on the original hearing has no such tendency.

The question presented to the trial judge required the exercise of judicial discretion.    We cannot on this record say that it has not been fairly exercised.

Decree affirmed, with costs of this court.

SHARPE, C. J., and BIRD, NORTH, FLANNIGAN, WIEST, CLARK, and MCDONALD, JJ., concurred.