WEBERT v. MASER.

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Motions for new trial on ground of newly-discovered evidence are looked upon with disfavor by courts.

2. SAME—ABUSE OF DISCRETION.
   Overruling motion for new trial based in part on ground of newly-discovered evidence, *held*, not an abuse of discretion on showing made.

Error to Ingham; Carr (Leland W.), J. Submitted April 10, 1929. (Docket No. 138, Calendar No. 34,222.) Decided June 3, 1929.

Assumpsit by Louis G. Webert against John J. Maser on a guaranty for rent. From a judgment for defendant, plaintiff brings error. Affirmed.

*Brown, Kelley & Warner,* for plaintiff.

*Hayden, Ballard & Hubbard,* for defendant.

FELLOWS, J. Plaintiff leased to Stephen H. Moffitt certain premises in Lansing. There is no dispute but that both signed the lease. Following the lease was a guaranty of payment of six months' rent purporting to be signed by defendant. Moffitt became a bankrupt and this suit was brought on the guaranty. Defendant by affidavit denied he signed it, and the sole question upon the trial was whether he did or did not sign the paper. He testified he did not, and while no witness testified to seeing him sign it, there was considerable testimony tending to establish that he did. The jury found for the defendant. A motion was made for a new trial based in part on the ground of newly-discovered evidence.

In support of the motion was the affidavit of Marguerite R. Pollard, who was stenographer in Mr. Moffitt's office during the negotiations, and who recited in her affidavit admissions of defendant that he had signed the guaranty. There were affidavits of more or less probative force tending to excuse the failure to learn of this testimony before the trial. Defendant filed an affidavit denying that he ever made any such admissions. Mr. Moffitt had been a witness for plaintiff on the trial. The trial judge denied the motion for a new trial, and the only question before us is whether he abused his discretion in so doing.

In a long line of decisions, some of which we shall presently cite, this court has pointed out that motions for a new trial on the ground of newly-discovered evidence are looked upon with disfavor, and the cases where this court has held that there was an abuse of discretion in denying a motion based on such grounds are few and far between. Almost always the newly-discovered evidence is along the same line of that given on the trial, and is, therefore, cumulative; frequently it but tends to impeach a witness; and generally sufficient time elapses between the bringing of the suit and the trial to permit investigation resulting in knowledge of who will and who will not be beneficial if called as witnesses. As we have noted, no witness saw defendant sign the guaranty; several witnesses familiar with his signature expressed the opinion that he signed it; there was considerable circumstantial evidence tending to show that he did; at least one witness gave testimony along the line of the newly-discovered evidence tending to show an admission that he signed the guaranty, although this was coupled with a claim that he had been defrauded. Mr. Mof-

fitt was a witness for plaintiff. The negotiations between plaintiff, defendant, and Moffitt covered some time. If plaintiff was at all observing, he knew that Miss Pollard was daily in Mr. Moffitt's office, but so far as the record discloses he made no inquiry of her before the trial as to whether she knew anything about the transaction, and she volunteered no information. Upon the showing made, we are not prepared to hold that the trial judge abused his discretion in overruling the motion for a new trial. Doubtless the leading case in this State is *Canfield* v. *City of Jackson,* 112 Mich. 120. In that case, Mr. Justice MOORE, speaking for the court, said:

"A second motion for a new trial was made on the ground of newly-discovered evidence. The motion was overruled. We think properly so. 'A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence.' Elliott, App. Proc. § 857. To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial. Hayne, New Trial & App. §§ 88–92, and many cases there cited; *Gray* v. *Barton,* 62 Mich. 186. Defendant failed to make such a showing as to entitle it to a new trial."

See, also, *Spray* v. *Ayotte,* 161 Mich. 593; *Houser* v. *Carmody,* 173 Mich. 121; *National Surety Co.* v. *Grant,* 177 Mich. 348; *Hoover* v. *Detroit, etc., R. Co.,* 188 Mich. 313; *Hydrex Works* v. *Seager Engine*

*Works,* 189 Mich. 431; *Garaszewski* v. *Wurm,* 204
Mich. 227; *Roy* v. *Kirn,* 208 Mich. 571; *Romanuick*
v. *Highland Park State Bank,* 235 Mich. 217; *Lisiak*
v. *Lupienski,* 241 Mich. 119.

The judgment will be affirmed.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD,
POTTER, and SHARPE, JJ., concurred.