GROSSMAN *v.* LANGER.

1. PRINCIPAL AND AGENT—PRIMA FACIE POWERS OF AGENT.
   Generally, the powers of an agent are *prima facie* coextensive with the business intrusted to his care.

2. INSURANCE—MUTUAL COMPANY—PRINCIPAL AND AGENT.
   Acts of mutual insurance company's agent in receiving application for policy, collecting premium, and forwarding application to company were its acts and his knowledge was its knowledge.

3. SAME—SECRET LIMITATIONS ON AGENT'S AUTHORITY.
   Agency of mutual insurance company's agent may not be narrowed by limitations on his authority and not communicated to insured.

4. APPEAL AND ERROR—FINDING OF COURT—QUESTION OF FACT—GREAT WEIGHT OF EVIDENCE.
   Finding on disputed question of fact as to amount of premium paid insurer in garnishment case tried without a jury *held*, not against the great weight of the evidence, hence is not disturbed, since trial court had the advantage of hearing the witnesses testify and better opportunity to judge of their credibility than has the appellate court.

5. INSURANCE—CANCELLATION—PAYMENT OF PREMIUM.
   Since insurance policy may not be canceled by insurer for non-payment of premium where premium has been paid, notice of cancellation, mailed to, but not received by, insured, was ineffective.

6. PAYMENT—APPLICATION.

Where the parties do not make a specific appropriation of moneys paid, the law will appropriate it usually as the justice and equity of the case may require.

7. SAME—INSURANCE PREMIUM—APPLICATION.

Application by trial court of $23 payment upon $30 premium for automobile insurance policy, first, upon portion of premium for insurance, the principal reason for payment of any of the premium, so as to extend coverage beyond date of accident, and balance upon club membership, a secondary feature, *held,* proper.

8. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Motions for new trial on ground of newly-discovered evidence are looked upon with disfavor by courts.

9. SAME—REQUISITES.

A new trial may be granted on the ground of newly-discovered evidence only when it is shown that (1) the evidence, and not merely its materiality, is newly discovered; (2) it is not merely cumulative; (3) it is such as to render a different result probable on retrial; and (4) the party could not with reasonable diligence have discovered and produced it at the trial.

10. SAME—ABUSE OF DISCRETION.

Overruling motion for new trial based on ground of newly-discovered evidence, *held,* not an abuse of discretion on showing made.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 4, 1934. (Docket No. 68, Calendar No. 38,011.) Decided December 10, 1934.

Garnishment by Eugene Grossman against Joseph Langer, principal defendant, and Citizens Mutual Automobile Insurance Company, a Michigan corporation, garnishee defendant. Judgment for plaintiff against garnishee defendant. Garnishee defendant appeals. Affirmed.

*S. Brooks Barron,* for plaintiff.

*Fewlass & Frisbee,* for garnishee defendant.

Edward M. Sharpe, J.   June 28, 1932, Joseph
Langer made an application to a representative of
an insurance company for an insurance policy. This
policy covered public liability, property damage, and
an automobile club membership for a full premium
of $30; $22 of which was the cost of the automobile
insurance policy and eight dollars of which was the
cost of the club membership.

On June 4, 1933, Joseph Langer was involved in
an accident with Eugene Grossman, the plaintiff
herein.  Suit was begun and a judgment rendered
against Joseph Langer September 27, 1933, in the
sum of $2,339 and $40 taxed costs.  However, on
June 28, 1933, the insurance company notified Joseph
Langer that because of a certain cancellation notice
which they allege had been sent to Joseph Langer
January 31, 1933, and because of his failure to pay
the premium on the policy, that no policy was in
force, and at the same time stating that they would
have their ·attorneys defend the case but without
prejudice to any of the rights of the company.

November 24, 1933, an affidavit for a writ of gar-
nishment was filed and the insurance company made
a disclosure December 27, 1933, in which they stated
that they were not indebted to Joseph Langer, prin-
cipal defendant, because of the cancellation of the
policy prior to the accident upon which suit was
brought.  The facts in connection with the securing
of the application and the collection of the premium
on the same are that the Dorr W. Frisbee Agency
of Detroit has an agency with the defendant insur-
ance company and that a solicitor by the name of
P. B. Kerr was in the employ of the agency.  He
secured the application and collected whatever

money was paid on the same. There is a sharp dispute as to the amount paid; the insurance company claiming that only $13 was paid to P. B. Kerr and the principal defendant, Joseph Langer, claiming that the $23 was paid, but in either case no part of the money reached the home office.

The principal claims of the insurance company are:

1. That the payment of the premium or any part thereof on an insurance policy to the solicitor of an agent of an insurance company is not payment to the insurance company.

2. That whatever amount was paid on the premium by the principal defendant, Joseph Langer, should be divided and applied on each account in proportion to the amount due each account, and that assuming the amount paid was $23 as claimed by plaintiff then the amount and premium so paid would have been exhausted at least two months before the accident happened.

3. That the following cancellation notice was mailed to and received by defendant Joseph Langer:

"The premium for this policy of insurance appears as unpaid on our books and we regret that it is not possible to continue the policy in force.

"You are, therefore, hereby notified that this policy is null, void and of no benefit and that no liability of any kind shall exist against the company because of the issuance of this policy or under its terms, conditions and agreements."

—and that under the circumstances it was unnecessary to state in such notice that the excess of paid premium would be refunded where there was no excess of paid premium and the provision of 3 Comp. Laws 1929, § 12461, requiring the cancellation notice to state that the excess premium if not tendered will be refunded on demand, does not apply.

4. That the court was in error in not granting a new trial on the grounds of newly-discovered evidence.

The general rule is that the powers of an agent are *prima facie* coextensive with the business intrusted to his care. In *Rorick* v. *State Mutual Rodded Fire Ins. Co.*, 263 Mich. 169, this court said:

"Under the facts, Mr. Humphrey was defendant's agent in receiving the application, collecting the premiums, and forwarding the application to defendant; his acts were the acts of the company; his knowledge, the knowledge of the company. *Russell* v. *Detroit Mutual Ins. Co.*, 80 Mich. 407; *Blake* v. *Insurance Co.*, 194 Mich. 589. * * * The company dealt with him as its agent, as did plaintiff, who had no notice or knowledge of any limitation upon Humphrey's authority. He had apparent authority to effect insurance. He took the application, made the survey, collected the premiums and other charges for the policy, and the application and the money are still in his hands, or in the hands of defendant company. His agency cannot be narrowed by limitations on his authority not communicated to plaintiff. *Insurance Co.* v. *Wilkinson*, 13 Wall. (80 U. S.) 222; *Ames* v. *Auto Owners Ins. Co.*, 225 Mich. 44."

Under the circumstances in the instant case Mr. Kerr was the agent of the insurance company. He solicited the application, delivered the policy and collected all premiums paid and the insurance company cannot now be heard to say that he had no authority in so doing.

While there is a marked dispute as to the amount of premiums paid, the trial court found that the plaintiff had paid $23 and we cannot say that his findings are against the great weight of evidence. This court has passed upon this question in *Gardiner* v. *Courtright*, 165 Mich. 54, 61, where we said:

"The rule is well settled that this court will only reverse a case upon the question of the weight of the evidence when a verdict is against the overwhelming weight of the evidence.  The verdict must be clearly against the great weight of the evidence to require this court to overrule the decision of the circuit judge refusing a new trial.  This rule has been repeatedly stated by us. * * *

"There was a sharp issue between the parties as to the contract.  The circuit judge saw and heard these witnesses testify and had an excellent opportunity to judge of their truthfulness.  If the testimony of the plaintiff was believed by the jury—and they had a right to believe it—the contract as claimed by her was proved."

This rule was also enunciated by the court in *Re Cutter's Estate,* 194 Mich. 34, 39:

"In the review of this record we are not satisfied that the findings of the circuit judge were so clearly against the weight of the evidence as to warrant us in disturbing his conclusion.  As we have often said, the trial judge had the advantage of hearing the witnesses testify, and has a better opportunity to judge of their credibility than the appellate court."

Also, see *Childs* v. *Nordella,* 116 Mich. 511, where it was held:

"It has been repeatedly held by this court that the special findings of fact in a case tried before a judge stand the same as a verdict of a jury would stand if the case were tried before a jury, and that, if there was testimony tending to sustain the findings of fact, this court would not set them aside."

The insurance company next contends that a cancellation notice was mailed to Joseph Langer January 31, 1933.  This notice, if mailed, was for nonpayment of the premium.  The record discloses that

the notice was never received by Joseph Langer. However, where the premium has been paid, cancellation for nonpayment cannot be made. *Clifford* v. *Catholic Mutual Benefit Ass'n*, 208 Mich. 448, and cases cited therein.

The application for insurance shows that $22 of the premium was for insurance and eight dollars was for a club membership. There is no testimony in the record as to how the amount paid was to be applied. The accident happened June 4th and the policy if fully paid up would have expired June 28th. The trial court directed that the $23 paid upon the premium was first to be applied upon the insurance feature of the policy. Such an application of the funds paid extended the insurance beyond the date of the accident. We think the court came to the right conclusion. The principal reason for the payment of the premium was for insurance. The club feature of the policy was only incidental. However, this court in *Youmans* v. *Heartt*, 34 Mich. 397, 401, stated:

"Where the parties do not make a specific appropriation of the moneys paid, the law will appropriate it usually as the justice and equity of the case may require."

This rule was later followed in *Van Sceiver* v. *King*, 176 Mich. 605, and *Mauro* v. *Davis*, 236 Mich. 309.

The defendant next contends that the court erred in not granting defendant a new trial on the ground of newly-discovered evidence. The new evidence proposed to be introduced is that the policy of insurance was not mailed to the agency until July 5, 1932, and consequently improbable that it was delivered to Joseph Langer before July 11th, the date

when Joseph Langer claims to have made the second payment on the premium.

As was stated by the court in *Webert* v. *Maser,* 247 Mich. 245:

"Upon the showing made, we are not prepared to hold that the trial judge abused his discretion in overruling the motion for a new trial. Doubtless the leading case in this State is *Canfield* v. *City of Jackson,* 112 Mich. 120. In that case, Mr. Justice MOORE, speaking for the court, said:

" 'A second motion for a new trial was made on the ground of newly-discovered evidence. The motion was overruled. We think properly so. "A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence." Elliott, App. Proc. § 857. To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial. Hayne, New Trial & App. §§ 88–92, and many cases there cited; *Gray* v. *Barton,* 62 Mich. 186. Defendant failed to make such a showing as to entitle it to a new trial.' "

We do not think defendant's motion for a new trial comes within the rule above stated. We have examined the other questions raised by defendant and in our opinion they present no reversible error.

Judgment affirmed. Plaintiff may have costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.