LANDIS *v.* CITY OF DETROIT.

STREET RAILWAYS—NEGLIGENCE.

In action for personal injuries alleged to have been sustained as result of defendant street railway operator's negligence in operation of its street car, judgment for defendant is affirmed.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 10, 1938. (Docket No. 91, Calendar No. 40,082.) Decided February 2, 1939.

Case by Anna Landis against City of Detroit, a municipal corporation, for personal injuries sustained while riding in a street car. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Rodney Baxter* and *A. Albert Bonczak,* for defendant.

McALLISTER, J. Plaintiff brought this action to recover for damages for negligence arising from injuries alleged to have been sustained while she was a passenger in a street car operated by defendant. The case was tried by the court without a jury, resulting in a judgment of no cause of action.

Plaintiff claims that through the negligent and careless operation of the street car by defendant's motorman, she was thrown to the floor of the car and down the exit steps thereof. She testified that after getting on the car, she approached the fare box with a purse and parcel in one hand and her money

in the other. She stated that just before the accident: ''I kind of protected myself and as I got my change he jerked the car.'' She did not definitely testify that she had hold of the railing near the fare box. The plaintiff testified that as she was standing in the aisle, the street car ''jerked terribly.'' Two other witnesses for plaintiff, who were passengers, testified that there were two ''sudden'' and ''terrific'' jerks.

Defendant's conductor testified that he saw plaintiff in front of the box looking for money with which to pay her fare; that she had a bundle under her arm and a big pocketbook, but was not holding on to the rod. When she was about ready to pay her fare, the conductor testified, the street car started and plaintiff fell sidewise; he reached out and grabbed her, and a passenger from the other side also caught her. The conductor further testified that the car started in the ordinary way with no jerk. Defendant's motorman also testified that there was no jerk and that he started the car in the usual way.

In *Selman* v. *City of Detroit*, 283 Mich. 413, 419, it was said:

''There are cases relating to the operation of steam railroads which indicate that a negligent and sudden jerk of the train when the passenger is in the act of alighting may be ground for recovery. *Wood* v. *Railway Co.*, 49 Mich. 370 (4 Am. Neg. Cas. 35); *Smalley* v. *Railway Co.*, 131 Mich. 560. This court has held that sudden increases and decreases in the speed of street cars, whether a passenger is seated or standing, are subject to a different rule. *Schultz* v. *Railways Co.*, 158 Mich. 665 (27 L. R. A. [N. S.] 503); *Ottinger* v. *Railway*, 166 Mich. 106 (34 L. R. A. [N. S.] 225, Ann. Cas. 1912D, 578, 3 N. C. C. A. 323); *Bogart* v. *City of Detroit*, 252 Mich. 534. Sudden jerks and jolts in the movement of railroad

trains or street cars are generally accepted as among the usual incidents of travel which every passenger by experience has learned to expect to some extent. 10 Am. Jur. p. 213, § 1343.  Sudden jerks or jolts in stopping to let off and take on passengers, and in starting, are among the usual incidents of travel on street cars which every passenger must expect, and the mere fact that a passenger is injured thereby will not of itself make out a case of negligence which will render the carrier liable.  4 R. C. L. p. 1210 *et seq.*, § 634.  Though the carrier may be held liable if the jerk or jolt is unnecessarily sudden or violent. 4 R. C. L. p. 1210 *et seq.*, § 634.  And unusually sharp jerks or violent jolting, due to the negligent operation of the car or the negligent failure to maintain the track properly, has been viewed as imposing liability on the carrier for resulting injuries to the passenger.  10 Am. Jur. p. 214, § 1343; 10 C. J. pp. 973, 974; 2 Moore on Carriers (2d Ed.), p. 1222; 1 Nellis on Street Railways (2d Ed.), p. 593.  The rule is, that a street railway cannot be held liable for resulting injuries to passengers due to sudden jerks in starting, stopping or operating such conveyances if they are maintained in a serviceable condition and operated in the customary manner.''

The trial court was confronted with conflicting testimony.  The plaintiff and her two witnesses testified that her fall was caused by unusual and terrific jerks of the street car; on the other hand, defendant's witnesses, the motorman and the conductor, testified that there were no such jerks, and that the car was started in the usual manner.

The holding of a trial judge in a personal injury case tried by the court without a jury, on issues of negligence and contributory negligence, is affirmed where the record on appeal is such that, had the case been tried before a jury, its verdict on such questions would necessarily be sustained.  *Jacoby* v. *Schaf-*

*snitz,* 270 Mich. 515.  In a law case tried without a jury, the trial court is the judge of the weight of the evidence and the credibility of the witnesses; on review we do not try the issues between the parties, nor do we weigh the evidence or hear the cause *de novo;* concerning questions of fact, unless the finding is against the clear preponderance of the evidence, it is not disturbed on appeal.  From our review of the entire record, it cannot be said that the judgment of the trial court was against the clear preponderance of the evidence.

Plaintiff further assigns error on the ground that the trial court erred in not granting a new trial on the ground of newly-discovered evidence.  Affidavits in support of plaintiff's motion for a new trial show that such evidence would consist of testimony by one of the passengers of the street car, with regard to the jerking of the car, and statements in the nature of admissions by the conductor some time after the accident.  Such alleged admissions were not a part of the *res gestæ* and would not be admissible against defendant.  Moreover, the proposed witness, whose testimony was sought as newly-discovered evidence, was known by the plaintiff to be a passenger at the time of the accident and plaintiff had such knowledge at the time of the trial.  Plaintiff's reason for not calling this party as a witness was because she thought the witness was angry with her.

A requirement for a new trial on the ground of newly-discovered evidence is that the party could not, with reasonable diligence, have discovered and produced the evidence at the trial.  *People* v. *De-Mars,* 238 Mich. 259.

In *Webert* v. *Maser,* 247 Mich. 245, we quoted with approval from *Canfield* v. *City of Jackson,* 112 Mich. 120, as follows:

" ' "A motion for new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence." Elliott, Appellate Procedure, § 857. To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial. Hayne, New Trial & Appeal (1st Ed.), p. 251 *et seq.,* §§ 88–92, and many cases there cited; *Gray* v. *Barton,* 62 Mich. 186. Defendant failed to make such a showing as to entitle it to a new trial.' "

The trial court was not in error in refusing to grant a new trial on the ground of newly-discovered evidence.

Judgment affirmed, with costs to defendant.

CHANDLER, J., concurred with MCALLISTER, J. BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, and NORTH, JJ., concurred in the result.