### MARION v. SAVIN.

### SCHRIEDEL v. SAME.

1. Appeal and Error—Finding of Court—Question of Fact—Great Weight of Evidence.

In nonjury action, the finding on disputed question of fact as to where plaintiff pedestrians were when struck by defendant's car is not disturbed as being against the great weight of the evidence, since the trial court had the advantage of hearing the witnesses testify and better opportunity to judge of their credibility than has the appellate court.

2. Same—Nonjury Case—Evidence.

On appeal in a law case tried without a jury the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

3. Trial—Evidence—Nonjury Case—Weight of Evidence.

In cases tried without a jury the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to.

---

Contributory negligence as a finding of fact by the trial judge sitting without jury; see 2 Restatement, Torts, 284(a), 434(b), (c); Conduct of defendant, 284; function of court in determining contributory negligence, 476.

4. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—FIND-
ING OF TRIAL COURT.

Finding that westbound plaintiff pedestrians had failed to es-
tablish their freedom from contributory negligence by the
greater weight of the evidence is not disturbed where the evi-
dence indicates that they were not keeping a proper outlook
for their own safety, that the visibility was good and that
they could have seen northbound defendant motorist had they
looked while crossing a boulevard late in the evening in
November.

5. NEW TRIAL—REQUISITES.

A new trial may be granted on the ground of newly-discovered
evidence only when it is shown that (1) the evidence, and not
merely its materiality, is newly discovered; (2) it is not
merely cumulative; (3) it is such as to render a different re-
sult probable on retrial; and (4) the party could not with
reasonable diligence have discovered and produced it at the
trial.

6. SAME—NEWLY-DISCOVERED EVIDENCE.

The granting of a motion for a new trial because of alleged
newly-discovered evidence rests largely in the discretion of
the trial court.

7. SAME—NEWLY-DISCOVERED EVIDENCE—DUE DILIGENCE—CUMULA-
TIVE TESTIMONY.

Denial of motion for new trial based on alleged newly-discovered
evidence was not an abuse of discretion where it does not
appear that there was due diligence on the part of plaintiffs
in procuring the witness and his testimony, relating to where
the accident occurred, would be largely cumulative.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted June 5, 1946. (Docket Nos. 33, 34, Calendar
Nos. 43,334, 43,335.) Decided September 11, 1946.

Separate actions of case by Rose Marion and
Mildred Schriedel against Jacob Savin for personal
injuries sustained when they were struck by defend-
ant's automobile. Cases tried together. Judgments
for defendant. Plaintiffs appeal. Affirmed.

*Louis B. Ver Wiebe,* for plaintiffs.

*Howard D. Brown* (*Paul R. Erickson,* of counsel), for defendant.

CARR, J. While crossing Dexter boulevard on the south side of Richton street in the city of Detroit, plaintiffs were struck and injured by an automobile driven by defendant. The accident occurred November 10, 1943, between 10 and 11 o'clock in the evening. Suits were instituted in February, 1944, plaintiffs alleging in their declarations that defendant was guilty of negligence in that he was driving at an excessive rate of speed that did not permit him to bring his car to a stop within the assured clear distance ahead, and that he was operating his automobile in a careless and reckless manner. Following the pretrial hearing and under date of January 12, 1945, amendments to the declarations were filed, alleging that defendant was operating his car on the left side of the center line of the street. The cases were heard together, being tried before the court without a jury.

The evidence introduced at the trial establishes that at the time of the accident plaintiffs were walking slowly across the street in a westerly direction. Defendant was driving north on Dexter boulevard. It was his claim on the trial that he did not see plaintiffs until he was within 20 feet of them, and that he immediately applied his brakes, but was unable to avoid striking plaintiffs. He claimed further that he was driving on the east side of the center line of Dexter boulevard, and that he brought his car to a stop immediately following the accident. Shortly after the occurrence two police officers of the city of Detroit arrived on the scene and took photographs, which were introduced in evidence. Said photographs showed defendant's car standing on the east side of the center line of Dexter boule-

vard. It is defendant's claim that his car was not moved after the accident before the photographs were taken.

Plaintiffs Marion and Schriedel testified that the accident occurred on the west side of Dexter boulevard within a few feet of the curb, and that they did not see defendant's car prior to being struck by it. The proofs indicate that Dexter boulevard was well lighted and visibility was fairly good. On this point plaintiff Marion, interrogated by her counsel, testified:

"*Q.* Mrs. Marion, on that particular evening, do you recall how far down the street you could see objects plainly?

"*A.* Well, if we looked I think we could. I think we could see a good distance, that car, on any night, even if it snowed hard."

Plaintiffs' claim as to where the accident occurred was corroborated by the testimony of their witness, Edith M. Partrich, a daughter of Mrs. Marion and sister of the other plaintiff, who was walking slightly ahead of plaintiffs when the latter were struck by defendant's car. Following the submission of the cases, the trial court filed an opinion directing the entering of judgments in favor of defendant. Said opinion sets forth specific findings that the accident occurred on the east side of the street, that defendant was guilty of negligence in failing to keep a proper outlook, and that plaintiffs had not established their freedom from contributory negligence. Subsequently, motions for new trials were made and denied. Plaintiffs have appealed, asserting, in substance, that the evidence clearly preponderates against the finding of the trial court on the matter of contributory negligence on the part of plaintiffs, and that the denial of the motions for

new trials, based on the claim of newly-discovered evidence, amounted to an abuse of discretion.

Involved in the determination of the issue as to whether plaintiffs established their freedom from contributory negligence is the disputed question of fact, submitted to the trial court, as to where the accident occurred. As before noted, plaintiffs insisted that they were on the west side of the center line of Dexter boulevard when struck by defendant's automobile, and that defendant was driving on the wrong side of the street. Defendant claimed that he was proceeding on the east side of the boulevard and that his machine came in contact with the plaintiffs at a point between the east curb and the center. His testimony in this respect was corroborated by the police officer who took the photographs and by the photographs themselves. Defendant denies having moved the car after he brought it to a stop immediately following the impact, and there is no direct testimony to the contrary. Counsel for plaintiffs seeks to draw the inference, based on plaintiffs' claims as to where the accident occurred, that the car must have been moved before the photographs were taken. The trial court obviously accepted the positive proof on the subject and rejected the inference urged by counsel. In reaching the conclusion that plaintiffs had failed to show that defendant was driving on the left side of the center line of the street the trial judge had the advantage of hearing the witnesses testify and was, in consequence, in better position to judge their credibility than is the appellate court. In *Gardiner* v. *Courtright,* 165 Mich. 54, cited and quoted with approval in *Grossman* v. *Langer,* 269 Mich. 506, it was said:

" 'The rule is well settled that this court will only reverse a case upon the question of the weight of the evidence when a verdict is against the over-

whelming weight of the evidence. The verdict must be clearly against the great weight of the evidence to require this court to overrule the decision of the circuit judge refusing a new trial. This rule has been repeatedly stated by us.' ''

In *Rose* v. *Paint Manufacturers, Inc.,* 311 Mich. 428, the court in rejecting the contention that the trial judge should have placed more reliance on appellant's version of the facts and the inferences to be drawn therefrom, said:

''At the outset the defendant is confronted with the rule that in a law case tried by the court without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction.''

In *Hanson* v. *Economical Cunningham Drug Stores, Inc.,* 299 Mich. 434, the following language was quoted with approval from *Vannett* v. *Michigan Public Service Co.,* 289 Mich. 212:

'' 'We have repeatedly said in cases tried without a jury that the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction.' ''

See, also, *McKenna* v. *New York Life Ins. Co.,* 314 Mich. 304. On the record before us, it cannot be said that the evidence ''clearly preponderates'' against the finding of the trial judge that the accident took place on the east side of the street and that plaintiffs failed to establish by the greater weight of the evidence that they were free from contributory negligence. Their failure to see defendant's approaching car justifies the conclusion that they were not keeping a proper outlook for their own safety. Had they looked, the visibility was such that they could scarcely have failed to observe the automobile.

Their failure to establish that they were keeping a reasonable outlook for their own safety precluded recovery.

Did the trial court abuse his discretion in denying the motion for a new trial? It is the claim of counsel for plaintiffs that following the trial he learned that one Max Brown appeared on the scene shortly after the accident, observed Mrs. Marion lying on the pavement, and went to her assistance. On the hearing on the motion Brown was called as a witness and examined in open court. His testimony discloses that he did not see the accident, that he carried Mrs. Marion into a pool room at the corner of Richton street and Dexter boulevard, and that he gave his name and address, and a statement, to one of the police officers who came to the scene following the occurrence. He claimed further, that Mrs. Marion was lying 9 or 10 feet from the west curb on Dexter boulevard at the time he first saw her, that at the time there was an automobile standing 10 or 15 feet from Mrs. Marion and that defendant was standing with his foot on the bumper of the car. On behalf of plaintiffs it is claimed that the testimony of Max Brown, if a new trial were granted, would tend to corroborate their claim that defendant was operating his automobile on the wrong side of the road, and that the accident happened on the west side of Dexter boulevard.

It appears from the record that the statement given by Max Brown to the police officer was in the police file, which was in court at the time of the trial. It further appears that counsel for plaintiffs, before the cases were tried, went to the police department, obtained some information there, but apparently did not examine the file itself. Obviously, if Brown carried Mrs. Marion into the pool room, she and her two daughters knew of his presence on

the scene shortly after the accident. It does not appear, however, that any attempt was made to ascertain the name and address of the witness by examination of the police file, interrogation of the officers who investigated the accident, or otherwise. The trial court came to the conclusion that due diligence had not been shown in attempting to discover the identity of the witness, saying: "I don't think this witness' testimony was beyond your reach to discover and I don't think it properly comes under the head of newly-discovered evidence because Mr. Erickson discovered it and I think you could have."

In *Canfield* v. *City of Jackson,* 112 Mich. 120, this court in holding that a motion for new trial on the ground of newly-discovered evidence was properly denied said:

"To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial."

See, also, *Webert* v. *Maser,* 247 Mich. 245; *Grossman* v. *Langer, supra.* The granting of a motion for a new trial because of alleged newly-discovered evidence rests largely in the discretion of the trial court. *Luckhurst* v. *Schroeder,* 183 Mich. 487; *Davidson* v. *City of Detroit,* 307 Mich. 420. In view of the situation disclosed by the record it may not be said that the trial court abused his discretion in denying the motion. As stated by him as the basis for such denial, due diligence on behalf of plaintiffs would have disclosed the identity and address of the witness Brown. The testimony, if a new trial were granted, would have reference to the issue as to

where the accident occurred. It would, therefore, be largely cumulative.

The judgments are affirmed, with costs to defendant.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.