3 Mich. App. 458 (1966)
142 N.W.2d 898
In re ESTATE OF DONLEY.
MASTERS
v.
BLAND.
Docket No. 758.
Michigan Court of Appeals.
Decided June 14, 1966.
Charles H. Baker, for appellant executor.
J.C. Beardsley, for appellee claimant.
LESINSKI, C.J.
Essie Bland filed a claim for $14,730 against the estate of Clifford Donley. The probate court for the county of Lenawee allowed the claim in the amount of $4,600. The executor filed an appeal and claimant filed a cross-appeal in the circuit court for the county of Lenawee. From a judgment *460 entered in favor of claimant in the amount of $5,864.50, together with costs, the executor appeals.
Decedent died January 25, 1963, in Florida leaving a will dated August 2, 1962. Appellee, after filing and withdrawing her claim as a common-law wife, filed a claim for housework and domestic duties from September 11, 1955, to July 1, 1961, at $30 a week, or $9,030, and for domestic duties and practical nursing from July 1, 1961, to decedent's death for $5,700.
From 1955 to 1959 decedent was a resident of Toledo, Ohio. During this period decedent also owned a summer cottage at Middle lake, Lenawee county, Michigan. Some time after his retirement in March of 1959, he made the summer cottage his permanent residence. The appellee owned her own home at Sweezey lake, Michigan. She lived with two of her daughters, Linda R. Bland and Jo Anna Bland.
Appellee met the decedent in 1955. Thereafter she visited the home of the decedent in Toledo and at the summer cottage. The parties made frequent visits to each other's home. They made a trip together to Florida in 1961 and 1962, and they also drove to northern Michigan. It is not disputed that when decedent died in Florida, appellee signed the death certificate as Essie Donley. The title to decedent's car was in his name and Essie Bland Donley.
There was testimony that appellee worked loyally and diligently for decedent doing nursing, housework, yard work, and construction. There was also testimony that decedent had fixed a storm door for appellee.
The basic issue in this case is whether an implied contract existed between the decedent and appellee requiring decedent to pay for the personal services claimed to have been rendered by appellee. A second is was there such a family relationship between *461 the parties as to give rise to a presumption that the services were rendered gratuitously?
The record discloses sufficient testimony to raise a question for a trier of fact to determine whether the appellee did perform services for the decedent.
On the question of the relationship of the parties, the trial court observed "during the early days of the association she had high hopes of becoming married to the decedent. Mr. Donley did not intend to enter into another marriage and the claimant became aware of this." The judge also found "that after January 1, 1960, the claimant had given up the hope of marriage and was continuing helping the decedent with the expectation of being paid. This expectation was promoted and concurred in by Clifford Donley." The record is sufficient to support this finding by the trial judge.
The record indicates that several witnesses including the uncle of the decedent testified that the decedent expected to be billed for the services rendered by the appellee.
The Supreme Court said in In re Pierson's Estate (1937), 282 Mich 411, 415:
"A contract implied in fact arises when services are preformed by one who at the time expects compensation from another who expects at the time to pay therefor."
And in In re Wigent's Estate (1915), 189 Mich 507, 512, the Court said:
"While the evidence fails to disclose an express verbal contract between the claimant and decedent, under the authorities in this State, it is clear that such a contract may be presumed from the fact that the services were rendered by the claimant and were accepted by the decedent."
*462 See, also, O'Connor v. Beckwith (1879), 41 Mich 657, and Luizzi v. Brady's Estate (1905), 140 Mich 73.
Whether the work was performed as claimed by the appellee, whether the decedent accepted the services with the expectation of paying for them, and whether appellee performed the services expecting payment for same were questions of fact for the trier of fact; in this case the trial judge sitting without jury. See Landis v. Detroit (1939), 287 Mich 407; Vannett v. Michigan Public Service Co. (1939), 289 Mich 212; Ortisi v. Oderfer (1958), 354 Mich 389.
The testimony in this case does not indicate facts similar to those in Moyer v. Hafner (1935), 272 Mich 52, wherein the Court found no contract for services rendered. In Moyer, plaintiff contended that she had a contract for an anticipated legacy rather than an agreement for payment for services. The rendering of services for purposes of currying favor of another in the hope of receiving a legacy will not give rise to an agreement calling for payment for those services in the event no legacy is forthcoming. The record before us reveals that there was an anticipation that a claim for services would be filed upon decedent's death rather than a promise of or an anticipation of a legacy.
The trial court had the witnesses before it, saw and heard them, and is in the best position to judge their credibility. This Court will not substitute its judgment for that of the trial court on appeal unless such findings are clearly erroneous. See GCR 1963, 517.1; Kirilloff v. Glinisty (1965), 375 Mich 586. We find that sufficient evidence was presented to permit recovery of the amount awarded.
The appellant claims that the relationship gives rise to a presumption that the services rendered by appellee were gratuitous.
*463 The appellant has not treated the appellee as wife of the decedent in the probate of the estate yet seeks to defeat her claim by asserting romantic situations as a basis for the presumption.
Where no relationship either by blood or marriage exists, no presumption that services rendered without expectation of compensation therefor arises. See In re Jorgenson's Estate (1948), 321 Mich 594.
Judgment affirmed. Costs to appellee.
T.G. KAVANAGH and QUINN, JJ., concurred.