THE CHICAGO & GRAND TRUNK RAILWAY COMPANY V.
WILLIAM NEWTON, CIRCUIT JUDGE OF
GENESEE COUNTY.

*Mandamus—Action for negligence—New trial—Discretion of circuit judge.*

1. This Court will not undertake to review the questions involved
in the trial of a cause upon an application for *mandamus* to
compel the circuit judge to vacate an order granting a new
trial.

2. Trial courts have a large discretion in the matter of granting
new trials, with the exercise of which this Court will not
interfere, unless the abuse of such discretion is palpable; citing
*Stork v. Judge*, 41 Mich. 5; *Insurance Co. v. Circuit Judge*, 20
Id. 220; *Shimer v. Circuit Judge*, 17 Id. 67.

3. Where, on the trial of a negligence case, the plaintiff's testi-
mony was material upon the question whether his view of the
railroad track was obstructed by cars standing on the side
track, and by reason of his physical disability he was unable
to submit to cross-examination, whereupon his direct examina-
tion was stricken out on motion of defendant's attorney, and the
jury, in answer to a special question, found that there were
no cars standing on said side track at the time of the accident,
which finding was claimed to conflict with their general ver-
dict in favor of the plaintiff, and a motion for judgment in
favor of the defendant on such special finding was denied,
and judgment rendered on the general verdict, after which
plaintiff was granted a new trial upon affidavits of his physi-
cians giving assurance that he would be able to give his testi-
mony on a second trial, there was no abuse of discretion in
granting such new trial.

*Mandamus.* Submitted November 10, 1891. Denied
December 30, 1891.

Relator applied for *mandamus* to vacate an order
granting a new trial. The facts are stated in the opinion.

*Geer & Williams,* for relator.

*R. C. Johnson (Gold & Johnson,* of counsel), for respondent.

McGRATH, J.  This is an application for a *mandamus* to compel respondent to set aside an order granting a new trial in the case of Henry H. Houghton against relator, pending in the Genesee circuit.

Houghton was injured while crossing the tracks of the railway company upon a highway, and brought case for negligence.  Plaintiff was severely and permanently injured.  He was sworn upon the trial, but after the commencement of the cross-examination was compelled, by reason of his enfeebled condition, to retire from the court-room; and being unable to return, on motion of defendant's counsel, his testimony in chief was stricken out.

The accident occurred in the night-time.  The train, a passenger, was an hour behind time, and was running at the rate of 60 miles an hour.  Just before reaching the company's right of way, the view was obstructed by buildings, and plaintiff claimed that, after reaching the right of way, cars standing upon a side track further obstructed his view.

Plaintiff had a verdict, but defendant submitted the following question to the jury, which was answered in the negative:

" Do you find that there were any box-cars standing or being stored on the defendant's side track on the north-easterly side of the highway, at the time when plaintiff was injured?"

Defendant moved for judgment upon the special finding, but the court denied the motion, and entered judgment for plaintiff.  Defendant then prepared to appeal. Plaintiff afterwards moved for a new trial, for the reason that plaintiff was unable to testify, and because of ambi-

guity existing between the general verdict and the special finding of the jury. The court granted a new trial, and it is this order that relator now seeks to have vacated. .

Defendant contends that it was entitled to judgment upon the special verdict; that the refusal to enter such judgment was error; that defendant had an absolute right to get a ruling of this Court upon that question; and that in granting a new trial the court abused its discretion. The right to have a judgment against it reviewed is no more absolute than a judgment in its favor would have been, and, had the court granted defendant's motion for judgment, the same court would have had ample authority, in its discretion, to grant a new trial.

The return sets up that there was another theory in the case which would support the verdict. The determination of that question involves a critical examination of the entire trial record, as fully as though here upon a writ of error, and the Court will not undertake to review the questions involved in the trial of a cause upon an application for *mandamus*.

Trial courts have a large discretion in the matter of granting new trials. This Court will interfere only where the abuse of that discretion is palpable. In *Stork v. Judge*, 41 Mich. 5, held, that an order granting a new trial did not finally dispose of any rights, and could not be reviewed. In *Aetna, etc., Ins. Co. v. Circuit Judge*, 20 Mich. 220, held, that a decision within the discretion of a circuit judge would not be reviewed on application for *mandamus*. In *Shimer v. Circuit Judge*, 17 Mich. 67, held, that where the affidavit, on motion for a new trial, contains something upon which the circuit judge is called upon to exercise his judgment, it becomes a matter addressed to his discretion, and this Court has no authority to issue a *mandamus* to direct him to rescind his action.

The case presented is a peculiar one. Plaintiff's testimony upon the point involved in the special question submitted to the jury was material. The issue upon the application for a new trial was not the discovery of cumulative testimony, but the deprival of testimony, by unforeseen circumstances, upon which plaintiff had relied. Plaintiff's counsel had no assurance that plaintiff would ever be able to give his testimony, and elected to proceed with the trial. The affidavits of the physicians presented upon the motion for a new trial gave that assurance. Under these circumstances, we are not prepared to say that the court abused its discretion, and the writ must be denied, with costs to respondent.

MORSE, LONG, and GRANT, JJ., concurred.