## BEARDSLEY *v.* BEARDSLEY.

1. APPEAL AND ERROR—CHANCERY SUIT—CONFLICTING TESTIMONY.
   When testimony in an equity suit is conflicting, the findings of
   the trial court will be upheld in the absence of a definite show-
   ing that a contrary result should have been reached.

2. SPECIFIC PERFORMANCE—ORAL AGREEMENT TO LEAVE PROPERTY TO
   PLAINTIFF.
   In suit by adoptive son for specific performance of an alleged
   oral agreement on part of plaintiff's adoptive father and
   mother to leave him real property which the latter had in-
   herited from her mother, plaintiff *held*, to have failed to sus-
   tain his burden of proof.

3. EQUITY—REHEARING—VOLUNTEER'S TESTIMONY—DUE DILIGENCE
   —NEIGHBOR.
   Proposed testimony of neighbor who volunteered her testimony
   to attorney for losing party after conclusion of trial but who
   had been reluctant to become involved in case between people
   with whom she was well acquainted *held*, not to justify a re-
   hearing where her testimony, if admissible, could have been
   discovered prior to the trial had due diligence been exercised.

4. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —SPECIFIC PERFORMANCE OF CONTRACT TO LEAVE PROPERTY TO
   PLAINTIFF.
   In an adoptive son's suit against adoptive father's widow, his
   second wife, and who was his residuary legatee, for specific
   performance of alleged agreement by adoptive father and his
   first wife to leave plaintiff certain property which had been
   inherited by the first wife from her mother and left to husband,
   testimony of plaintiff and his wife was properly excluded as
   barred by statute pertaining to matters equally within knowl-
   edge of deceased (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted October 8, 1946. (Docket No. 6, Calendar
No. 43,418.) Decided December 2, 1946. Rehear-
ing denied January 6, 1947.

Bill by Alfred Lawrence Beardsley against Rena A. Miller Beardsley for specific performance of contract to execute will. Bill dismissed. Plaintiff appeals. Affirmed.

*Pliny W. Marsh (Henry C. L. Forler,* of counsel), for plaintiff.

*Payne & Payne (Everett D. Crowe,* of counsel), for defendant.

BUSHNELL, J. Plaintiff Alfred Lawrence Beardsley filed a bill in equity seeking specific performance of an oral agreement claimed to have been made by his adoptive father and mother, Martin F. Beardsley and Blanche M. Beardsley.

Alfred was adopted by the Beardsleys in 1923 when he was 7 years old, and lived with them until his marriage in 1936. During the years of his minority he assisted his adoptive parents in the operation of their confectionery stores, and also worked in various motor car factories, and turned over his earnings to them. After plaintiff's marriage, Blanche M. Beardsley in 1939 acquired by inheritance and a settlement agreement certain real property which had belonged to her mother. Alfred claims that shortly before this settlement was effected his adoptive parents entered into an agreement that this property should be placed in their joint names, with the right of survivorship, and that each of them would execute a will so that at the death of the survivor the property would go to plaintiff.

Title to the property in question was taken jointly by Martin and Blanche Beardsley on November 25, 1939. Mrs. Beardsley had executed a will on July 28,

1938, in which she gave, devised, and bequeathed her entire estate, real and personal, to her husband, Martin F. Beardsley. She died on April 27, 1944. This will was never probated, because there was no estate to administer, title to the property in question having vested in her husband under the deed as her survivor.

On July 1, 1944, Martin F. Beardsley married the defendant, Rena A. Miller Beardsley. On August 14th of the same year he executed a will in which he gave plaintiff $100, and all the rest, residue and remainder of his estate, both real and personal, to his wife Rena. After his death on October 10, 1944, defendant filed a petition for the probate of this will, which was opposed by Alfred. The opinion of the trial judge indicates that the probate proceedings were enjoined pending determination of the instant case.

Joseph A. Payne, who drafted Blanche Beardsley's will, testified that this was the only will he drafted for her, and that the 1944 will was the only one he drafted for Martin Beardsley. There is no other testimony in the record with respect to the claimed joint wills.

As indicated by the trial judge, there was considerable ill-feeling between the remaining witnesses who are members of the immediate family. He was of the opinion that none of the testimony of these interested witnesses outweighed the other, and a decree was entered dismissing the bill of complaint. As said in *Lau* v. *Lau,* 304 Mich. 218, 223 :

"When the testimony is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have been reached."

Decision turns upon the burden of proof; and after a careful examination of this testimony we are obliged to agree with the trial judge that plaintiff has not sustained this burden.   See *Ruch* v. *Ruch*, 159 Mich. 231; *King* v. *Luyckx*, 280 Mich. 117; *Eicholtz* v. *Grunewald*, 313 Mich. 666.

Plaintiff also claims that the trial judge erred in denying his motion for a rehearing on the ground of newly-discovered evidence.   This latter contention concerns the proposed testimony of Effie Beaubien, a neighbor of the Beardsleys, whose affidavit shows that she was well acquainted with all the parties and that during the last illness of Mrs. Blanche Beardsley she discussed with her the disposition of her property in the event of her death.   The Beaubien affidavit concludes with this statement:

"Deponent further says that she has been very reluctant to become involved in any way in the trouble over the property and, for that reason, had not discussed it with Mrs. Kirby or anyone else prior to the trial but after the trial of the case she learned of the outcome and voluntarily came to the office of Pliny W. Marsh, as attorney for the son, and gave him the information as related in this affidavit."

The testimony of Mrs. Beaubien, if admissible, could have been discovered prior to the trial if due diligence had been exercised.   We must therefore conclude that this offer was not sufficient to justify a rehearing.   *Webert* v. *Maser*, 247 Mich. 245.

It is also argued that the trial court erred in holding that the testimony of plaintiff and his wife was inadmissible because of 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).

The trial judge was correct in excluding this testimony under the authority of *Laird* v. *Laird*, 115 Mich. 352.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.