## CADILLAC STATE BANK v. BISHOP.

1. CHATTEL MORTGAGES—FILING—EVIDENCE—BONA FIDE PURCHAS-
   ERS.
       Innocent purchasers for value were not put upon notice of plain-
   tiff's lien upon chattels, where there was no proof of a correct
   filing of plaintiff's chattel mortgage, hence they were bona.
   fide purchasers (CL 1948, § 566.140).

2. SAME—FILING—BURDEN OF PROOF.
       Chattel mortgagee has the burden of proving that the chattel
   mortgage was correctly filed and defendant innocent purchas-
   ers for value need offer no proof until that burden has been
   met in replevin action (CL 1948, § 566.140).

3. SAME—FILING—EVIDENCE—QUESTION FOR TRIER OF FACTS.
       Finding of trial judge in replevin action to recover possession
   of car subject to lien of plaintiff's chattel mortgage that plain-
   tiff had failed to sustain its burden of proof as to proper
   filing of its chattel mortgage is not disturbed where, notwith-
   standing the testimony was not corroborated nor substantiated
   from other available sources, it was based in part upon the
   mortgagee's self-serving statement (CL 1948, § 566.140).

4. NEW TRIAL — REPLEVIN — NEWLY-DISCOVERED EVIDENCE — DILI-
   GENCE.
       Motion for new trial of replevin action because of alleged newly-
   discovered evidence was properly denied, where there had not
   been a showing of due diligence in that plaintiff's attorney who
   had referred the case to the attorney of record had known
   of the information but had not disclosed it to the attorney
   of record until after the judgment for defendants had been
   entered.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 10 Am Jur, Chattel Mortgages §§ 82, 101, 102, 179.
[1–3] Presumption or burden of proof as to whether or not instrument
     affecting title to property is recorded. 53 ALR 668.
[3] 3 Am Jur, Appeal and Error § 900; 20 Am Jur, Evidence § 558.
[4] 39 Am Jur, New Trial § 159 et seq.

Appeal from Ionia; Davis (Morris K.), J. Submitted June 6, 1951. (Docket No. 37, Calendar No. 44,743.) Decided September 5, 1951.

Replevin by Cadillac State Bank against Ila and Melvin Bishop to gain possession of an automobile. National Discount Corporation intervened as a party defendant. Judgment for defendants. Plaintiff appeals. Affirmed.

*Benjamin E. Cueny,* for plaintiff.

*Leo Bebeau,* for defendants.

BUTZEL, J. On May 10, 1948, one Ethelwyn Huested borrowed $884.45 from the Marion, Michigan, branch of the Cadillac State Bank, plaintiff herein, on a chattel mortgage note secured by a 1942 Chrysler Sedan. The chattel mortgage was filed with the register of deeds of Osceola county, the county in which Marion is located. No affidavit of the mortgagee that a lien had been placed on the vehicle was ever filed with the secretary of State under the authority of CL 1948, § 256.102 (Stat Ann § 9.1472),[*] and therefore the lien was never listed as an encumbrance on Mrs. Huested's certificate of title. On June 10, 1948, Mrs. Huested made a single payment of $147.45 and has made no other since.

On June 3, 1948, Mrs. Huested assigned the car to one Gallagher in Grand Rapids, who in October, 1948, sold it to one Mansfield. On November 6, 1948, Mansfield sold it to the Bishops, defendants, for $1,129.85. The purchase was financed by the National Discount Company, intervening defendant. Thereafter plaintiff located the car and began the instant replevin action on February 23, 1949.

---

[*] See PA 1949, No 300, § 238 (CL 1948, § 257.238 [Stat Ann 1949 Cum Supp § 9.1938]).

Plaintiff relied solely on the filing of its chattel mortgage in Osceola county, claiming it to be the place where the property was located and the mortgagor resided, to defeat the claim of the defendants that they were bona fide purchasers. The statute, CL 1948, § 566.140 (Stat Ann § 26.929), provides that every chattel mortgage "shall be absolutely void * * * as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides." In order to prove that the statute had been complied with, the plaintiff introduced the testimony of its sole witness, Donald L. Walters, cashier of the Marion branch of the plaintiff. Walters testified that Mrs. Huested lived in a hotel across the street from the bank at the time the mortgage was executed, and that he had seen her there frequently. He further stated that she remained in Marion for a period of possibly 2 months after the first payment was made and a short time later, "she was working down around Detroit."

In its opinion the trial court said of Walters' testimony:

"This witness gave his testimony haltingly and uncertainly. It was my impression at the time of the trial that he was drawing on his imagination to fill in the details and that he actually remembered little about details of the transaction. He testified falsely as to one material fact, i.e. he testified that Huested had the title to the car when the loan was made (May 10, 1948). (The title was not issued until May 17, 1948). Had the case been tried by a jury I should have charged the jury that if any witness testified falsely as to any material matter that they could disregard such witness' entire testimony. As a trier of the facts I may disregard the testimony of Mr.

Walters on the basis stated. This I am inclined to do. I feel that Walters just did not remember the details of this transaction any better than he remembered about the title."

The court, as trier of the facts, found that the plaintiff had not shown to the court's satisfaction that Mrs. Huested resided in Osceola county, or that the vehicle was located in Osceola county at the time that the mortgage was made or filed (some 12 days later). Since there was no proof of a correct filing, the defendants were not put on notice of the plaintiff's lien and were bona fide purchasers. Judgment was entered for the defendants for $1,000, the appraised value of the car, with interest at 5% per annum from the date the car was seized. From the judgment and from the denial of a motion for a new trial on grounds of newly-discovered evidence, this appeal has been taken.

The plaintiff contends on appeal that it had proven the case by a preponderance of the evidence and that the trial court erred in entering judgment for the defendant. It argues that the defendant offered no evidence as to the location of the chattel or as to residence, and since Walters' testimony was the only evidence before the court it could not be ignored. Plaintiff further argues that the court had no right to completely disbelieve Walters' testimony because he said that he thought he saw the title in Mrs. Huested's name on May 10th. It is possible, plaintiff says, that Walters saw the title of the previous owner with the transfer to Mrs. Huested inscribed thereon, and this would be perfectly consistent with Walters' statement.

Walters thought that Mrs. Huested remained in Marion until some time in August, 1948, although it seems apparent that she had left long before that time. He thought that he saw the title in her name,

when she did not have title. The only proof that the car upon which the mortgage was issued was the one that was located in Marion was Walters' testimony based upon Mrs. Huested's self-serving statement, as there was no investigation made to see if the car was the one to which Mrs. Huested had title.

Under the clear wording of the statute the plaintiff had the burden of proving that the chattel mortgage was correctly filed. The defendant need offer no proof until that burden has been met. The plaintiff chose to meet the burden with the testimony of Walters only, although prior to the trial it must have been apparent that there were other sources by which the same could be shown and the testimony of Walters corroborated, *i.e.,* the hotel register could have been introduced.

We cannot say that the trial judge erred. He saw and heard Walters. It would be an unwarranted intrusion into the province of the trier of the facts to reverse on the record before us.

The plaintiff at the conclusion of the trial made a motion for a new trial on grounds of newly-discovered evidence. The affidavit of one Miltner was attached. This affidavit set forth that Miltner had been told by Mrs. Huested that she resided in Marion, that he had never told anyone of the conversation, that he was not aware of its significance, and that he had disclosed the information to the attorney for the plaintiff after judgment had been entered. At the hearing it appeared that Miltner was the attorney for the Cadillac State Bank, had referred the case to the attorney of record, and had discussed the case with the attorney for the defendant. The court, although doubtful as to whether the alleged newly-discovered evidence was admissible at all, held that there had not been a showing of due diligence, and that the testimony could have been discovered if the

plaintiff had exercised any diligence at all. We are in accord with this conclusion.

The judgment and the order denying the motion for a new trial are affirmed. Costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.

