MITCHELL v. MITCHELL.

1. NEW TRIAL—PARTIAL NEW TRIAL.
   Partial new trials, limited in nature, may be granted, where it clearly appears that the matter to be heard is entirely distinct and separable from other issues in the cause (Court Rule No 47, § 2 [1945]).

2. DIVORCE—PARTIAL REHEARING—DISCRETION OF COURT.
   It was within the discretion of the trial judge to grant a partial rehearing in suit for divorce relating to grounds for divorce, since such matter was distinct and separable from the question of property settlement (Court Rule Nos 47, § 2, 48 [1945]).

3. SAME—REHEARING—DISCRETION OF COURT.
   The granting or denial of a motion for a rehearing in a suit for divorce lies within the sound discretion of the circuit judge.

4. SAME—PARTIAL REHEARING—EVIDENCE.
   Refusal to receive evidence as to value of property of parties on partial rehearing of suit for divorce was not error, where rehearing had been limited to matter of grounds for divorce, especially where there is nothing to indicate that the evidence which plaintiff desired to offer would materially alter or add to the proofs made at the first hearing.

5. SAME—VALUE OF PROPERTY—FINDINGS OF TRIAL COURT—EVIDENCE.
   Findings of trial court as to value of property belonging to parties to suit for divorce should not be disturbed in the absence of a showing that a different result would be reached in the light of conflicting testimony.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] Generally as to partial new trials, see 39 Am Jur, New Trial § 21 et seq.
[6-11] 17 Am Jur, Divorce and Separation § 445.

6. SAME—DIVISION OF PROPERTY—JOINT EARNINGS.

Plaintiff wife was properly charged with account receivable item of loan made to her married daughter from joint earnings of plaintiff and defendant, where the loan was made without consent of defendant husband.

7. SAME—JOINT EARNINGS.

Moneys in various accounts which represented the accumulated profits of business established by the mutual efforts and owned jointly by the parties to suit for divorce was properly included in their joint assets.

8. SAME—WIFE'S SOLE OPERATION OF BUSINESS—HEALTH.

Trial court's disallowance of credit for plaintiff wife's sole operation of business for over 3 years prior to divorce is not disturbed, where wife has supported herself from its receipts and unemployed husband who was ill had received nothing from the operation of the business.

9. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.

Generally a division of property of parties to suit for divorce must be equitable, but what constitutes a fair division must be determined in the light of the particular facts, security of a living for the wife being a major consideration.

10. SAME—PROFITS OF BUSINESS PENDING PROCEEDINGS—ALIMONY—DOWER—EQUITY.

Award to plaintiff wife of profits from beer and wine business, which had accumulated during pendency of divorce proceedings, in lieu of all alimony and dower rights *held*, equitable under the circumstances.

11. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.

Award to wife of store building and beer and wine business conducted therein so that she might continue to have a means of support was proper, under the circumstances.

12. SAME—COSTS.

No costs are allowed plaintiff wife upon her appeal in suit for divorce, where decree is affirmed in all respects.

Appeal from Wayne; FitzGerald (Frank), J. Submitted April 11, 1952.. (Docket No. 58, Calendar No. 45,328.) Decided May 16, 1952. Rehearing denied June 27, 1952.

Bill by Anna J. Mitchell against Samuel J. Mit-

chell for divorce on ground of extreme cruelty. Decree for plaintiff on partial rehearing with same provisions relating to property as in original decree. Plaintiff appeals. Affirmed.

*William P. Long* (*Julius C. Pliskow*, of counsel on application for rehearing), for plaintiff.

*Donald P. Schuur*, for defendant.

BUSHNELL, J. Plaintiff Anna J. Mitchell obtained a decree of divorce on January 23, 1950. The property of the parties and its value, as determined by the trial judge, are listed in the decree. This property had been accumulated through the joint efforts of the parties and the court held that it should be divided equally.

The wife filed objections to the property settlement and sought a rehearing of the cause. Her petition was granted. At the rehearing the trial judge . stated that testimony would be confined to the grounds for divorce. A supplemental opinion was filed and a supplemental decree entered on November 17, 1950.

In the supplemental final decree, a divorce was granted to the wife and the same property settlement was made as in the first decree. The wife was awarded a "store building," valued at $7,500, and the beer and wine business conducted therein at $4,500, household furniture at $500, $500 in cash out of the sum of $5,800 then in her possession, and an account receivable item of $1,200, representing moneys she had loaned to her married daughter. The husband was awarded stock certificates or the proceeds thereof "as invested with the Mutual Investment, Inc. of St. Paul, Minnesota, in the original amount of $2,000," seven vacant lots valued at $6,300, a Mercury automobile at $600, and $5,300 in cash.

The wife on appeal objects to the limitation imposed upon the rehearing by the trial judge, and argues that the property settlement is inequitable.

Partial new trials, limited in nature, may be had in law actions under Court Rule No 47, § 2 (1945). Before a partial new trial is granted, it should clearly appear that the matter to be heard is entirely distinct and separable from other issues in the cause. *Kistler* v. *Wagoner,* 315 Mich 162, 174. Rehearings in equity cases are governed by Court Rule No 48 (1945). Although this rule does not contain an express provision for a partial rehearing, the same treatment should be accorded, as far as practicable, in a rehearing as in a new trial. Const 1908, art 7, § 5. The matter of grounds for divorce is entirely distinct and separable from the question of property settlement, and this was a proper subject of inquiry at a partial rehearing. The granting or denial of a motion for a rehearing lies within the sound discretion of the circuit judge. *Chapin* v. *Cullis,* 299 Mich 101, 108.

The original hearing was held in December, 1949, at which testimony was taken regarding the value of the property of the parties. Plaintiff claims that it was error to exclude evidence at the rehearing of the increase in value of the property awarded to the husband. We agree with the statement of the trial judge that, "if the property awarded him had increased in value, the rest of the property had also increased in value." There is nothing to indicate that the evidence which plaintiff desired to offer would materially alter or add to the proofs made at the first hearing. *Taylor* v. *Boardman,* 24 Mich 287.

The trial judge did not abuse his discretion in refusing to grant a full rehearing of the case.

The testimony shows that the parties came to Detroit in 1919. Defendant worked at the Ford Motor Company and, after several unsuccessful farming

and business ventures, the parties purchased a beer store in 1941. Plaintiff operated the store in the daytime and the husband, although continuing his work at Fords, helped in the store at night. In 1942 the parties moved their beer business to another location where they purchased a building for $4,000. Defendant worked at Fords until 1943, after which he devoted all of his time, until October, 1947, to the operation of the business. Since then the wife has continued to maintain the store without her husband's assistance.

It appears that the beer store was the source of all the property acquired by the parties. There is little dispute between them as to the value of household furniture, stock certificates or the automobile. The wife does object, however, to the valuation placed by the court upon the business, store building, and vacant lots. The testimony of witnesses varied widely as to these values. The trial judge arrived at amounts between the extreme estimates. In the absence of a showing that a different result would be reached in the light of this conflicting testimony, the findings of the trial court should be upheld. *Gindorff* v. *Gindorff*, 295 Mich 469; and *Beardsley* v. *Beardsley*, 316 Mich 303.

Plaintiff also complains because she was charged with the money she loaned her married daughter. The inclusion of this account receivable item and the award of it to the plaintiff was not error because it covered money advanced from joint funds apparently without the consent of the defendant.

The principal dispute is over the court's treatment of the cash assets of the parties, totaling $5,800, $3,300 of which was in plaintiff's savings account, $2,112 in her checking account, and about $500 in the cash register of the store. In 1946 the parties divided a $12,000 bank account, each taking $6,000. Plaintiff later withdrew $3,000 from her separate

account to complete the payment of the $6,000 purchase price of 7 vacant lots. The husband had but $200 of his share of the cash when the parties separated in October, 1947. He claims that up to that time he had paid all the business and living expenses. It was equitable, therefore, to include plaintiff's share of the money in the computation of value of the property. The checking account balance and the cash register money were the accumulated profits of the business established by mutual effort and owned jointly by the parties. It was not improper to include this money also in the joint assets.

The wife also complains that the court did not allow her any credit in the computation for her sole operation of the business since October, 1947. However, since that date the wife has supported herself from the receipts of the business and defendant has received nothing more from its operation. At the time of the original trial the husband, 57 years old, was unemployed, had low blood pressure and heart trouble. There is no indication that plaintiff was in ill health.

While the general rule is that a division of property must be equitable, what constitutes a fair division, in a case of this nature, must be determined in the light of the particular facts. Security of a living for the wife should be a major consideration. *Casciola* v. *Casciola,* 317 Mich 485, and *Kwiatkowski* v. *Kwiatkowski,* 326 Mich 346.

The trial judge awarded the plaintiff the remaining profits of the beer and wine business, which accumulated during the pendency of the proceedings, in lieu of all alimony and dower rights. In view of the circumstances of this case, such determination was equitable.

The joint assets were acquired by the mutual efforts of the parties, and the court properly awarded

the business to the wife so that she might continue to have a means of support.

The decree is affirmed, but without costs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.