GRENAWALT *v.* NYHUIS.

1. PROCESS—SERVICE ON NONRESIDENT DEFENDANTS—FILING PROOF OF SERVICE.
    Nonresident defendants of county in which action at law was commenced may be served with process before proof of service on resident defendant is filed (CL 1948, § 613.27).

2. SAME—PURPOSE.
    The purpose of process is the acquisition of jurisdiction over the person of a defendant.

3. SAME—EFFECT OF SERVICE.
    A defendant is considered as in court upon the return of a writ personally served upon him (CL 1948, § 613.21).

4. SAME—SERVICE—NONRESIDENTS.
    The court in which an action at law was commenced acquired

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 42 Am Jur, Process § 4.
[5] 42 Am Jur, Process § 33.
[8–11] Generally as to liability of beauty specialists, see 7 Am Jur, Barbers and Beauty Specialists §§ 13–15.
[12] 53 Am Jur, Trial §§ 524, 579.
[13] 39 Am Jur, New Trial §§ 160, 163.

jurisdiction over defendant, a resident of the country, upon
personal service upon such resident, although she was an
inmate of a State hospital located in another county, and
upon proof of that fact, personal service had upon non-
resident defendants was effective to bring them under the
jurisdiction of the court in which action had been commenced
(CL 1948, §§ 613.21, 613.27).

5. SAME—WRITTEN ACKNOWLEDGMENT.
   A written acknowledgment of service of process, when filed in
   a cause, has the same effect as a return or other legal proof
   of service (Court Rule No 8, § 8 [1945]).

6. SAME—NONRESIDENT.
   A nonresident defendant can be served in the county of his
   residence only by making someone a party defendant who
   is jointly liable and over whom the court issuing the sum-
   mons has jurisdiction (CL 1948, § 613.27).

7. COURTS—JURISDICTION—ACTION AT LAW—BAD FAITH—NONRESI-
   DENTS—DISCONTINUANCE AS TO RESIDENT.
   Jurisdiction over nonresident defendants, which had properly
   been acquired in an action at law, was properly retained aft-
   er discontinuance as to resident defendant, where it does
   not appear that joinder of such resident defendant had been
   made in bad faith nor that the discontinuance was actuated
   by any improper motive (CL 1948, § 613.27).

8. MASTER AND SERVANT—QUESTION FOR JURY—BEAUTY SHOP OP-
   ERATOR.
   Whether or not defendant operator in codefendants' beauty
   shop was an employee of such codefendants was for jury,
   where it appears that the operator had obtained permission
   from manager of the shop to give plaintiff a permanent wave
   free of charge because operator had previously, while work-
   ing elsewhere, performed like service unsatisfactorily for
   plaintiff, the manager had previously cut plaintiff's hair,
   advised how the operator should perform the service and
   no statements were made to plaintiff that the operator was
   acting solely in her own behalf, hence shop owners' motions
   for directed verdict were properly denied and defendants'
   request to charge relating to such matter was not warranted.

9. NEGLIGENCE—BEAUTY SHOP—PERMANENT WAVE—DYEING HAIR—
   TESTIMONY OF DERMATOLOGIST.
   Dermatologist's testimony that it would be unsafe for 38-year-
   old plaintiff to dye or tint her hair after and because of

burning it had received due to negligence of an operator in giving plaintiff a permanent wave while in defendants' beauty shop was properly admitted over defendants' objection, where it appears that plaintiff had dyed her hair for about 20 years because it had been prematurely gray and she claimed that inability to continue such practice caused her embarrassment and humiliation in her employment.

10. APPEAL AND ERROR—TRIAL—ARGUMENT TO JURY—INTERRUPTION. Court's interruption of defendants' counsel in his argument to the jury *held*, not improper nor prejudicial under record presented in action by patron against beauty shop owners and operator for injuries sustained incident to receiving a permanent wave.

11. NEGLIGENCE—REQUESTS TO CHARGE—DAMAGES—INABILITY TO DYE HAIR.
Damage sustained by 38-year-old woman because of inability to continue to dye her hair after it had been burned because of negligence of operator in defendants' beauty shop when giving plaintiff a permanent wave was for jury, since it is a woman's right and privilege to dye her hair if she so desires, hence, trial court properly denied defendants' request to charge that plaintiff was not entitled to recover damages for annoyance, discomfiture and humiliation suffered by her as a result of inability to have her hair dyed or tinted.

12. APPEAL AND ERROR—REQUESTS TO CHARGE—INSTRUCTIONS—EVIDENCE.
Appellants *held*, not prejudiced by the failure of the court to charge in accordance with requests to charge, where charge as given fully and fairly presented to jury the claims of the parties and some requests were not warranted by the evidence in the case.

13. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE—CUMULATIVE TESTIMONY.
Motion for new trial on ground of newly-discovered evidence was properly denied, where supporting affidavit failed to show that such evidence could not by the exercise of reasonable diligence, have been made available at the trial and appears to have been equally within the knowledge of one of the witnesses who did testify.

14. APPEAL AND ERROR—NEGLIGENCE—PERMANENT WAVE—VERDICT —GREAT WEIGHT OF EVIDENCE—DAMAGES—HEAD INJURIES.
Jury's verdict of $2,000 for plaintiff whose head was burned

because of negligence of operator in defendants' beauty shop when giving plaintiff a permanent wave *held,* neither against the great weight of the evidence nor excessive under record presented.

Appeal from Muskegon; Steinbacher (Harold E.), J., presiding. Submitted October 16, 1952. (Docket No. 68, Calendar No. 45,566.) Decided December 9, 1952. Rehearing denied January 15, 1953.

Case by Laura Belle Grenawalt against Herman C. Nyhuis and another, doing business as Nyhuis Beauty Salon, and Betty Mertz for injuries suffered as result of burns received while having a permanent wave. Case dismissed as to Betty Mertz. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Balgooyen, Parmenter & Forsythe,* for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for defendant.

CARR, J. Plaintiff, a resident of the county of Muskegon, brought suit in the circuit court of said county to recover damages claimed to have resulted from the negligence of an employee of defendants. The declaration alleged that on the 24th of September, 1949, the defendants Nyhuis and Parent were operating a beauty shop in the city of Muskegon, that they had in their employ an operator named Betty Mertz, and that in giving plaintiff a machine- less permanent wave the said employee failed to use reasonable care, as a result of which plaintiff's head was severely burned. Plaintiff alleged further that because of said injury she suffered great physical pain, became extremely nervous, was unable to sleep, and lost time from her employment in a store in Muskegon. She further claimed that her hair had

turned completely gray when she was 17 years of age, and that thereafter for a period of approximately 20 years it had been her practice to dye it, but that as a result of the injury claimed to have been caused by the negligence of Betty Mertz in giving her the permanent she could not with safety continue such practice, which situation resulted in causing her great humiliation and embarrassment. At the time of the trial in January, 1951, plaintiff was 38 years of age.

Betty Mertz, who was, the record indicates, a resident of Muskegon county, was joined in the action as a party defendant. No appearance was entered in her behalf, and the case was dismissed as to her on January 5, 1951, shortly prior to trial. Defendants Nyhuis and Parent admitted in their answer that on September 24, 1949, Betty Mertz was employed by them as an operator in their beauty shop, but alleged that she was not so acting in rendering to plaintiff the service in question. In consequence defendants denied that if Betty Mertz was negligent there was any liability on their part for damages resulting from her conduct.

On the trial of the case defendants moved for a directed verdict at the conclusion of plaintiff's proofs, claiming that under the evidence submitted she had not established her right to recover damages. The motion was denied. It was renewed at the conclusion of defendants' testimony and again denied. The jury returned a verdict for plaintiff in the sum of $2,000, and judgment was entered thereon. Motion for a new trial was made and denied. Defendants have appealed, alleging various errors on the part of the trial court.

Plaintiff's action was instituted by summons which was served on Betty Mertz in Grand Traverse county where she was at the time an inmate of the Traverse City State Hospital. The return showing

such service was duly filed. Thereafter defendants Nyhuis and Parent were served with process in Kent county where they resided. A motion was made in their behalf to set aside the service on the ground that it was invalid for the reason that defendant Mertz had not been served in Muskegon county. The motion was denied, and appellants assign error thereon. Court Rule No 18, § 4 (1945). Their claim is based on the language of CL 1948, § 613.27 (Stat Ann § 27.757) which reads in part as follows:

"All civil process issued from any court of record may be served anywhere within the State where the party upon whom service is to be made may be found, in the following cases: * * *

"2. When the process is issued out of a court at law, when the suit is brought in the county where the defendant, or 1 of the defendants if there be more than 1, resides; * * *

"4. In any suit brought upon any bond required by law to be filed in any probate court. When a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced. If such service is had upon 1 defendant within such county, the remainder of the defendants may be served anywhere in the State: *Provided*, That nothing in this section contained shall be construed to abrogate or repeal any provisions of section 17 of Act No 82 of the Public Acts of 1873, the same being section 7282 of the Compiled Laws of 1897, relating to suits by receivers of mutual fire insurance companies for assessments levied by them."

No claim is made that the service on Betty Mertz in Grand Traverse county was invalid, but it is appellants' position that under the specific language of the statute, above quoted, service could not be had on them other than in the county of Muskegon prior

to the filing of proof of service on their codefendant in that county. We do not think that the suggested interpretation of the statute is consistent with the actual purpose of the legislature in its enactment. If accepted, the conclusion would follow that in a case of this character an actual appearance entered by a defendant residing in the county of venue without service of process, or an acknowledgment of service filed in the case, would be insufficient to permit service on other joint defendants without the county. The purpose of process is merely a means to an end, that is, the acquiring of jurisdiction over the person of a defendant. The actual service must be completed by the return of the writ, whereupon "the defendant shall be considered in court." CL 1948, § 613.21 (Stat Ann § 27.751). The language of the section of the statute specifically relied on by appellants must be read in the light of the purpose to be accomplished thereby, and in connection with other provisions relating to the subject matter. When so read, the statute, as applied to the facts of the instant case, made proof that the court had acquired jurisdiction over the person of Betty Mertz, with the consequent right to proceed as to her, a condition prerequisite to service on the other defendants in Kent county.

In considering the contention of appellants, the language of Court Rule No 8, § 8 (1945), is significant. Such rule provides, in substance, that a signed written acknowledgment of service of any process when filed in a cause shall have the same effect "as a return or other legal proof of service." See, also, Court Rule No 15, § 1 (1945). As before suggested, appellants' claim that jurisdiction over the codefendant could have been acquired only by personal service of process within the county as a condition precedent to service on other nonresident defendants outside the county of venue appears to

ignore the Court Rules, and likewise the effect of a general appearance entered by a home defendant under circumstances of the character involved in this case.

In discussing the requirements of an earlier statute of the State (CL 1871, § 5748) analogous to the section on which appellants rely, the Court said in *Denison* v. *Smith,* 33 Mich 155, 158:

"A defendant has the right to know from the record whether he is subject to the jurisdiction; and where it depends on a previous service on someone else, that can only be shown by the return of service, or by appearance."

The above language was quoted with approval in *Allison* v. *Circuit Judge,* 104 Mich 141, 146. In 72 CJS, p 1037, in discussing statutory requirements of the character here involved, it is said:

"A nonresident defendant can be served in the county of his residence only by making someone a party defendant who is jointly liable and over whom the court issuing the summons has jurisdiction."

See, also, *New York Life Insurance Company* v. *Cherry,* 185 Ark 984, 989 (50 SW2d 584). In the instant case the circuit court of Muskegon county unquestionably acquired jurisdiction over the person of defendant Mertz. Such being the case service of process on the defendants in Kent county was permissible, and the motion to set aside such service was properly denied.

Following the discontinuance of the case as to Betty Mertz, counsel for defendants Nyhuis and Parent filed a motion to dismiss on the ground that by such action the court had been ousted of jurisdiction, and that Betty Mertz had been joined as a party defendant in bad faith in order to confer jurisdiction on the court and to deprive defendants of "the advantage and benefit of being sued in the jurisdic-

tion in which they reside." The trial court refused
to grant the motion. The claim of error was raised
on defendants' motion for a new trial and rejected,
the circuit judge indicating in his opinion that there
was no showing of fraud on the part of the plaintiff.
The record before us does not show what proofs were
offered, if any, in support of the assertion that plain-
tiff acted in bad faith in joining Betty Mertz as a
party defendant. Neither does it appear that the
discontinuance as to her was actuated by any im-
proper motive. Having acquired jurisdiction over
the persons of the defendants, who had been served
with process and had filed their answer prior to the
making of the motion, we think that the court prop-
erly retained such jurisdiction. There was in con-
sequence no error in the refusal to grant defendants'
request to dismiss the action.

Appellants claim that their motion for a directed
verdict should have been granted. It is argued that
in giving the permanent to plaintiff, Betty Mertz was
acting solely in her own behalf, and not as an em-
ployee of the beauty parlor. The proofs in the case
indicate that, prior to entering the employ of the
defendants Nyhuis and Parent, Betty Mertz had
worked as a beauty operator for another employer,
that she had rendered services to plaintiff that were
not satisfactory, and that she undertook to give
plaintiff a permanent on September 24, 1949, without
charge, for the purpose of satisfying her. She dis-
cussed the matter with the manager in charge of the
beauty parlor of defendants Nyhuis and Parent and
obtained permission to carry out the agreement.
Prior to her arrival at the beauty parlor on the oc-
casion in question, the manager had cut plaintiff's
hair. It further appears that no statements were
made to plaintiff that Betty Mertz was acting solely
in her own behalf in giving the permanent. The
manager testified that she advised as to the manner

in which the service should be rendered, but that her directions were not followed. It is obvious that permission to render the service, either for hire or gratuitously, might have been refused. Under the facts in the case plaintiff was fully justified in regarding Betty Mertz as the employee of defendants Nyhuis and Parent at the time of the alleged negligent conduct. Defendants' motions for directed verdicts in their favor were properly denied. The status of Betty Mertz on the occasion in question was a matter for the jury to determine.

On the trial of the case plaintiff called as a witness in her behalf a physician, a specialist in dermatology, who had treated her following the occurrence on which her cause of action is based. The witness testified that plaintiff had, when first examined on November 18, 1949, a dermatitis venenata behind the left ear, and that such ailment is an inflammatory condition of the skin resulting, as a rule, from contact. The witness further expressed the opinion that "there might be a causal effect or relationship" between the burn and the dermatitis. The question was then asked by plaintiff's counsel whether it would be safe for plaintiff, in view of the scalp condition, to use dye and tints upon her hair. To this question defendants objected. The objection was overruled, and the witness gave a negative answer to the question. It is the claim of the appellants that the testimony was improperly admitted for the reason that plaintiff's inability to dye her hair was not a proper element of damages. The testimony indicates that plaintiff had followed such practice for approximately 20 years. That she had the right to do so is not open to question. It was her claim that because of the negligence of Betty Mertz she was prevented from exercising such right, and that she was embarrassed and humiliated in her employment because

her hair was white. Appellants' claim that the ruling of the court was erroneous is not tenable.

Complaint is made that the trial judge committed prejudicial error by interrupting the argument of counsel to the jury. Our examination of the record brings us to the conclusion that the action of the judge was not improper, nor were the statements made by him of such nature as to be prejudicial. It is scarcely conceivable that what occurred during the argument was of such nature as to incline the jury in favor of the plaintiff.

Counsel for defendants requested the court to charge the jury as follows:

"If you find that the manager of the Nyhuis Beauty Salon on or about September 24, 1949, authorized Betty Mertz to give to the plaintiff a machineless permanent wave without cost to the plaintiff as an accommodation to Betty Mertz because of the plaintiff's dissatisfaction with a permanent wave which had been given to her by Betty Mertz while the latter was employed at another beauty salon, then I charge you that the plaintiff cannot recover in this case."

The requested charge was not given and error is assigned on the refusal. It was the position of the trial judge, as indicated in his opinion denying the motion for a new trial, that the evidence did not warrant the instruction. We are in accord with this conclusion. It clearly appears that the service was rendered to plaintiff by Betty Mertz because of express authority to that end granted by defendants' manager. Plaintiff was not advised at the time she went to defendants' beauty parlor to have her hair cut and to receive the permanent that Betty Mertz would render the latter service as a mere accommodation and solely on her own responsibility. Whether the relation of employer and employee existed at the

time, with reference to the permanent given to plaintiff, was properly submitted to the jury.

Defendants requested the court to charge that plaintiff was not entitled to recover damages for annoyance, discomfiture and humiliation suffered by her as the result of her inability to have her hair dyed or tinted. What is said above with reference to the admission of testimony to which counsel for defendants objected is applicable here. It was the right and privilege of plaintiff to dye her hair if she so desired, and if she was prevented from doing so as a result of the negligence of defendants' employee the question as to the extent of damage thereby sustained was for the jury to determine. The request was properly refused.

Appellants also claim prejudicial error because of the failure of the trial judge to give other requests in the form in which they were presented. We find, however, that some of such requests were substantially covered in the general charge, and that defendants' rights were fully protected thereby. Other requests were properly refused because not warranted by the evidence in the case. The charge of the trial judge fully and fairly presented to the jury the claims of the parties. Without going into the matter in greater detail, we find that appellants were not prejudiced by the failure of the court in not charging in accordance with the requests referred to in the assignments of error.

Defendants' motion for a new trial was based on alleged errors committed in the course of the trial and in the disposition of preliminary matters, and also on the ground of newly-discovered evidence. In support of such motion they submitted an affidavit by one of the appellants' employees, who worked in their beauty parlor from March, 1948, until the latter part of September, 1950. The affiant was again employed by defendants in January, 1951. It was

set forth in the affidavit that defendants' manager, shortly prior to September 24, 1949, called affiant's attention to the fact that plaintiff had a skin eruption behind her left ear. The substance of the conversation between affiant and the manager was stated. Had affiant been called as a witness and been questioned concerning this conversation, an objection to its competency would doubtless have been interposed. Without reference thereto, however, it must be said that the motion for a new trial and the supporting affidavit failed to show that the testimony of Ruby A. Sharp could not, by the exercise of reasonable diligence, have been made available on the trial. The matters to which she referred in her affidavit must have been equally within the knowledge of defendants' manager who was a witness on the trial, but who was not questioned with reference to the claimed skin eruption on plaintiff's head. The trial court was not in error in denying the motion. *Brackins* v. *Olympia, Inc.,* 316 Mich 275 (168 ALR 890); *Beardsley* v. *Beardsley,* 316 Mich 303; *Cadillac State Bank* v. *Bishop,* 331 Mich 174.

It is urged that the verdict of the jury was against the great weight of the evidence, and that the verdict was excessive. Our examination of the record brings us to the conclusion that neither claim is well founded. There is nothing to indicate that any attempt was made during the course of the trial to arouse the sympathy of the jury or to create any feeling whatsoever of bias or prejudice. Other matters referred to in the briefs of counsel do not require specific discussion.

The judgment is affirmed, with costs to plaintiff.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.