## POCIOPA v. OLSON.

### Opinion of the Court.

1. Judgment—Fraud—Intrinsic and Extrinsic Fraud—Relief.

A court may grant relief from a judgment procured by intrinsic fraud upon a timely application for a rehearing or to vacate or to set aside the judgment, filed directly in the same proceeding from which relief was sought, but equitable relief sought in a separate proceeding can only be obtained if the fraud is extrinsic (GCR 1963, 528).

2. New Trial—Newly Discovered Evidence—Court Rule.

Newly discovered evidence can only be the basis for a new trial if the evidence itself and not merely its materiality is newly discovered, the evidence is not merely cumulative, the evidence is such that a different result is probable on a retrial of the cause, and it is such that the party offering it could not with reasonable diligence have discovered it prior to trial (GCR 1963, 527.1[6]).

3. Same—Newly Discovered Evidence.

Newly discovered evidence that is to be used merely to impeach is not grounds for a new trial.

4. Same—Newly Discovered Evidence.

Denial by trial court of plaintiff's motion for new trial on the basis of newly discovered evidence *held,* proper where the new evidence was solely to impeach a witness who testified he was riding in the automobile which was in collision with plaintiff, where it was cumulative as to matters already adduced by cross-examination at trial, where the witnesses to impeach were available to plaintiff before trial and where with due diligence the newly discovered evidence could have been produced at trial.

---

References for Points in Headnotes

[1] 30A Am Jur, Judgments § 784 *et seq.*
[2–6] 39 Am Jur, New Trial § 156 *et seq.*

DISSENTING OPINION.

FITZGERALD, P. J.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—COURT RULE.

*A party moving for a new trial on the basis of newly discovered evidence must show that such evidence could not have been produced at the trial by the exercise of reasonable diligence (GCR 1963, 527.1).*

6. SAME—NEWLY DISCOVERED EVIDENCE—INTRINSIC FRAUD.

*Denial of plaintiff's motion for a new trial on the basis of newly discovered evidence was error where certain fact findings were made by the trial court under a misinterpretation of present law and where new evidence introduced by both parties was so contradictory and confusing that the ends of justice would best be served by giving both parties an opportunity to present all of their evidence to a jury.*

Appeal from Iron, Brown (Ernest W.), J. Submitted Division 3 May 7, 1968, at Marquette. Docket No. 2,002.) Decided September 24, 1968. Leave to appeal denied by Supreme Court January 21, 1969. 381 Mich 797.

Complaint by Daniel Pociopa, by his next friend Dorothy Pociopa, and derivative action by Dorothy Pociopa, against Eino Olson and Willard Andrew Olson for automobile negligence. Verdict and judgment for defendants. Plaintiff moved for new trial on basis of newly discovered evidence. Motion denied. Plaintiff appeals. Affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Humphrey & Weis,* for defendants.

J. H. GILLIS, J. Plaintiffs sought recovery for damages sustained when Daniel Pociopa was struck by an automobile driven by defendant Willard Olson and owned by defendant Eino Olson. Daniel Poci-

opa was operating a motorbike on US Highway 2 at the time of the accident; and, along with a companion cyclist, Robert Weeks, was riding in the right hand lane or the right side or shoulder of the highway. Defendants' theory is that Daniel made an unexpected and sudden left turn into the path of defendants' automobile, without due diligence and without proper observation.

Plaintiff cyclist and defendant driver were both 15 years old at the time of the accident. Testimony as to the location of plaintiff's motorbike just before making the turn was a matter of sharp controversy at trial. The disputed testimony was resolved by the jury in favor of defendants and a judgment of no cause of action was entered upon the verdict of the jury.

A key defense witness at trial was Frank Marinoff who was purportedly, and by his own testimony, a passenger in defendants' automobile at the time, and who testified that Daniel was riding on the right shoulder and turned in front of defendants' automobile.

Subsequent to the jury verdict plaintiffs made a motion for a new trial based on newly discovered evidence. The evidence was testimony of certain witnesses to the accident who would testify that Marinoff was not present in the automobile at the time of the accident. The trial judge conducted a hearing on the motion pursuant to GCR 1963, 527.3, at which plaintiffs' witnesses testified to their observations at the time. The trial judge denied the motion and assigned as his reason therefor (GCR 1963, 527.7) that "intrinsic fraud or perjury is not the basis for a new trial based on newly discovered evidence."

This is not a correct statement of the law as to relief from a judgment in the pending action. See

the author's comments to GCR 1963, 528, at 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) pp 184, 185. However, under the facts presented by the record, the motion for new trial was properly denied, albeit for the wrong reason, and the decision of the trial judge is affirmed.

Grounds for a new trial based on newly discovered evidence are found in GCR 1963, 527.1(6). The standard for application of this rule has been stated in the committee comment to rule 527 and in *Reardon* v. *Buck* (1952), 335 Mich 318, 321, 322, as:

"The trial judge correctly applied the rule stated in *Canfield* v. *City of Jackson*, 112 Mich 120, which is as follows: 'To entitle one to a new trial upon this ground it should be shown: First, that the evidence, and not merely its materiality, be newly discovered; second, that the evidence is not cumulative merely; third, that it be such as to render a different result probable on a retrial of the cause; fourth, that the party could not with reasonable diligence have discovered and produced it at the trial.'

"The granting of a new trial on the ground of newly-discovered evidence is within the sound discretion of the trial court, with which we will not interfere, unless there has been a palpable abuse of that discretion. *Chicago & Grand Trunk R. Co.* v. *Genesee Circuit Judge* (1891), 89 Mich 549. See also, authorities cited in *Wilson* v. *Johnson* (1917), 195 Mich 94, 101."

To like effect is the recent decision of this Court in *Graham* v. *Inskeep* (1967), 5 Mich App 514, 523, in which we stated that newly discovered evidence is not grounds for a new trial where it is merely to impeach.

In the present case, not only is the newly brought evidence solely to impeach, but it is cumulative as to matters already adduced by cross-examination at trial. Moreover, the hearing indicates that these

witnesses were known to plaintiffs' at trial, that their testimony was available all along, and that with due diligence the so-called newly discovered evidence could have been produced at trial.

The trial court did not abuse its discretion in denying the motion. *Graham* v. *Inskeep, supra; Township of Commerce* v. *Rayberg* (1967), 5 Mich App 554.

Affirmed. Costs to appellees.

McGREGOR, J., concurred with J. H. GILLIS, J.

FITZGERALD, P. J., (*dissenting*). Plaintiff appeals from the denial by the trial court of his motion for a new trial, following a finding of the jury for the defendant. The controverted facts, as nearly as is possible to discern from the briefs and records, are as follows:

Plaintiff, a 15-year-old boy, was operating his unlicensed homemade motorbike in an easterly direction on US 2 near the city of Iron River. Upon reaching Sunset Lake road, he began a left turn, but he was struck while still in the eastbound lane by the defendant's automobile. Defendant is also a 15-year-old boy who was operating his father's automobile in the same direction on US 2. Plaintiff suffered injury for which he brought this action to recover damages. Plaintiff was accompanied on his journey by his friend, Robert Weeks, who also was operating a motorbike. Defendant testified that he first saw plaintiff and Weeks on the paved shoulder of the road about 700 feet away, and that he tooted his horn for warning. However, upon defendant's reaching the 2 boys, the plaintiff unexpectedly turned in front of the defendant's automobile without giving any signal, so that the defendant could not help striking the plaintiff. Plaintiff's bike had no rear-view mirror nor mechanical signals. Fright-

ened, the defendant then left the scene of the acci-
dent, but returned 10 to 15 minutes later and called
the sheriff.

At the trial, Frank Marinoff testified that he was
a passenger in defendant's car and that plaintiff
was on the shoulder of the road before beginning
his turn. The precise location of the plaintiff when
he began the turn varied according to the testimony
of witnesses at the trial: (1) Defendant: plaintiff
was on the shoulder. (2) Carlson, witness walking
30–150 feet down Sunset Lake road: plaintiff was
on the shoulder. (3) Marinoff: plaintiff was on
the shoulder. (4) Plaintiff: plaintiff was in the
middle of the east lane on US 2. (5) Weeks: plain-
tiff was in the middle of the east lane on US 2.
These attempts to pinpoint the location were im-
portant to the jury on the question of negligence and
contributory negligence. As noted above, the jury
returned a verdict of no cause of action in favor of
the defendant. However, subsequent to the trial,
the plaintiff demanded a hearing pursuant to GCR
1963, 527, on the basis that 3 newly discovered wit-
nesses would testify that Marinoff was not in defend-
ant's vehicle at the time of the accident. The trial
court heard the new testimony and denied plaintiff's
motion, from which this appeal is had.

Allegations of perjury abound on this appeal.
Two examples will be provided to articulate the
problem of determining the truth as faced by the
trial court and the jury. Carlson, a 14-year-old boy,
testified at the trial that he was 30 feet from the
intersection, by himself, walking on Sunset Lake
road when he saw the collision, and that his friend,
Russell Johnson, didn't see it. At the hearing on
the motion for a new trial, defendant's "new" wit-
ness, Johnson, testified that he was with Carlson
when the collision occurred, that he saw a passen-
ger in the car whom he could not identify, that it

was on the shoulder, and that he and Carlson were 100–150 feet from the scene. Marinoff, as noted above, testified that he was with the defendant at the time of the collision. Mr. and Mrs. Rosenquist, neighbors of Mr. Marinoff, and Mrs. Erickson, testified at the hearing that they clearly saw the defendant first pass by them east on US 2 toward Marinoff's home *alone,* following the accident. Some of these witnesses then testified that they again saw defendant and Marinoff going back to the scene of the accident. All of these observations were made at a point much further east than defendant and Marinoff testified they had gone before returning, said point being much closer to Marinoff's home. I add that the distance from the accident to the home of Marinoff was about 5 or 6 miles, that the 3 witnesses testified that the defendant was driving at a high rate of speed, and that defendant was back at the scene of the accident 15 minutes after he hit plaintiff.

Both parties agree that there was ample evidence to support the verdict of the jury in defendant's favor. However, the concern here is not with the quantity of the evidence, but with the quality. If it is all to be believed, then it is unquestionably substantial enough evidence, but if there is a question of its validity which is resolved against it, then the jury verdict based on such evidence certainly cannot stand and a new trial should be granted. GCR 1963, 527, 528.

Defendant's argument is simply that both he and plaintiff knew of these "other" witnesses long before the trial and that, *ergo,* the plaintiff should have been aware of any *and all* information which they might have possessed. Defendant also says that plaintiff's chief witness at the hearing for the motion testified that she had told plaintiff many times before the trial that Marinoff was not in the

automobile.  Therefore, defendant alleges that the
trial court was correct in denying a motion based on
newly discovered evidence when it was apparent
that the evidence was already known to the plaintiff
before the trial, and could have been used and pro-
duced at the trial with reasonable diligence.  Such
is the burden on the plaintiff in making such a mo-
tion.  He must show that such evidence could not
have been produced on the trial by the use of rea-
sonable diligence on his part.  GCR 1963, 527.1(6);
*Grenawalt* v. *Nyhuis* (1952), 335 Mich 76.

Basic to plaintiff's contention at the hearing was
the alleged fact, to be proven, that Marinoff and
Johnson were not present at the scene of the colli-
sion and thus that their vital testimony was per-
jured, entitling the plaintiff to a new trial.  But to
so hold, one must be willing to consider the testi-
mony of the 3 witnesses as "new" evidence.

In its opinion, following the hearing, the trial
court did not mention any failure of plaintiff's
counsel to proceed diligently pursuant to GCR 1963,
527.1(6).  Instead, the court proceeded on the theory
that plaintiff was attempting to secure a new trial
on the basis of intrinsic fraud or perjury.  The deci-
sion reads as follows:

"I am satisfied that Michigan is committed to the
rule that intrinsic fraud or perjury is not the basis
for a motion for a new trial, based on newly discov-
ered evidence.  Litigation has to end sometime, and
whether a witness lies during the trial is to be deter-
mined at that time by cross-examination."

This is a misstatement of the current law of this
State.  The discussion on GCR 1963, 528, found in
3 Honigman & Hawkins, Michigan Court Rules An-
notated (2d ed), p 184, states:

"Sub-rule 528.3(3) authorizes the courts, * * *
to relieve a party from a judgment on grounds of

fraud, whether heretofore denominated intrinsic or extrinsic. * * *.

"The distinction between 'extrinsic' and 'intrinsic' fraud has been recognized in former Michigan practice. In equitable actions for relief from judgments allegedly procured by perjured testimony, the rule was that such relief could not be allowed since perjury was intrinsic fraud. *Fawcett* v. *Atherton* (1941), 298 Mich 362, and see additional cases under Michigan Decisions, *infra* note 9, and MLP Judgment § 136. It must be emphasized, however, that this rule limiting relief to cases of extrinsic fraud was applicable only to independent actions for equitable relief against a judgment rendered in another proceeding. It was at the same time recognized that relief from a judgment procured by intrinsic fraud could be granted upon a timely application for a rehearing or to vacate or to set aside the judgment filed directly in the same proceeding from which relief was sought. See *Dodge* v. *Detroit Trust Co.* (1942), 300 Mich 575, 609.

"* * * Consequently, it may still be the rule that in independent equitable actions for relief against judgments in other proceedings, the fraud must be extrinsic and collateral to the matter tried and not a matter actually or potentially in issue in the action. However, this limitation has no application to the motion for relief from judgment timely filed under sub-rule 528.3 directly in the same proceedings from which relief is sought."

The trial court also made a factual finding that it was satisfied Frank Marinoff was indeed in the defendant's automobile. There was no mention of the "new" testimony of Russell Johnson. At the outset of the hearing, the trial court commented as follows:

"What the plaintiffs are attempting to do here is secure a new trial on the basis of intrinsic fraud or perjury, and I have indicated to counsel that I seri-

ously question whether that is proper basis for a new trial. However, I am going to.permit you to make a record on this, Mr. Wisti, [plaintiff's counsel], so I will let you proceed."

We question any such factual finding when it is made under a misinterpretation of the present law of the State concerning fraud or perjury, which normally requires a new trial. Pursuant to GCR 1963, 527.1 and 528.3, I feel a new trial should be ordered on this entire matter. New evidence has been introduced by both parties which is confusing and contradictory to say the least, and justice would best be served by affording both parties to this action the opportunity to present all of their witnesses and their various testimonies for the consideration of a jury. The Court in *Cole* v. *Simpson* (1941), 299 Mich 589, in speaking of confusing newly discovered evidence, said, p 596:

"We base our decision on the ground that defendant's [plaintiff's] motion for a new trial should have been granted, because of subsequent discovery of evidence which, if true, would affect the question of damages and the cause of her [his] disorder to a very considerable extent."

The Court could not readily ascertain the truth in the *Cole Case,* and I find the same difficulty here.

I would reverse and remand for a new trial.